### JAMES L. BAKER v. OTTO WAHRMUND.

#### NO. 84.

1. **Plea—Affidavit—Amendment.**—Upon exception to the affidavit of a plea of failure of consideration being sustained, the exception only applying to the form of the affidavit, it was proper to permit the affidavit to be amended; it merely went to the affidavit, the facts having been sufficiently pleaded.

2. **Guaranty.**—After the execution of the notes to appellant he induced appellee to endorse the notes in order that he might raise money. Appellee received nothing for signing the notes, nor did any one else. *Held*, that when the consideration between the principal and creditor has passed and become executed before the contract of the guarantor, and such guaranty was no part of the inducement to the original debt, such consideration is not sufficient to sustain such contract of guaranty.

3. **Surety—Subrogation.**—When one surety pays the debts of a firm he is subrogated to the rights of the creditors as to the debts thus paid, and may sue on them; and when sued by the firm or any member of it for debt, may offset it with the debts paid by him.

APPEAL from Bexar.    Tried below before Hon. W. W. KING.

*B. L. Aycock*, for appellant.—1. The court erred in permitting defendant, over plaintiff's objections, to amend his plea of failure of consideration. Rev. Stats., art. 1265, subdiv. 10.

2. The court should have excluded from the jury the notes set up by defendant as counter-claims. Parker v. Beaver, 19 Texas, 411.

3. No allegation to be subrogated in equity. Probata must correspond to the allegata. 7 Am. and Eng. Encycl. of Law, 50; 2 Am. and Eng. Encycl. of Law, 649.

*Upson & Bergstrom*, for appellee.—1. All pleadings may be amended by leave of the court.     Jenn v. Spencer, 32 Texas, 657.

2. Guaranty without consideration is not binding.     Jones v. Ritter, 32 Texas, 722.

3. A note paid by a surety becomes, by reason of such payment, transferred to the surety, and he can maintain an action thereon against the maker as a transferee and holder of such note, and is not required to sue the maker for so much money paid for the use and benefit of the maker of the note at his request, express or implied.     Sublett v. McKinney, 19 Texas, 439.

FLY, ASSOCIATE JUSTICE.—Appellant sued appellee as endorser of two promissory notes. Appellee answered that he had signed the notes, after their execution, as guarantor, and pleaded want of consideration.

We conclude from the record that the following facts were proved: That on May 17, 1886, J. B. Belohradsky executed two promissory notes to appellant, one for $1000, due thirteen months after date, the other for $946, due sixteen months after date. That about one week after the execution of the notes, appellant induced appellee to endorse the notes, by telling him that he, appellant, wanted to raise the money on the notes, and that he could not do it without a surety on the note; that Belohradsky had told him, appellant, that Scholz would sign the notes, but Scholz refused, and that he had seen Belohradsky again, and he had told him that appellee might sign it; that appellee then wrote his name on the back of the notes; that he received nothing for signing the notes, nor did any one else get anything; that the notes were given by Belohradsky for the interest that appellant had in the firm of J. B. Belohradsky. That appellant was prior to the execution of the notes a member of the firm of J. B. Belohradsky; that at the time of the dissolution of the firm aforesaid, it was indebted to appellee in the sum of $4000 for borrowed money; that appellee, before the dissolution of the partnership, became surety for a number of debts to different parties, which became due at different dates from May 6, 1886, up to August 3; the sums so paid by appellee on security debts for said firm amounted in the aggregate to about the sum of $2500, with interest. That the firm of J. B. Belohradsky & Co. consisted of J. B. Belohradsky, S. E. Baker, and appellant; that the first named members of the firm were insolvent; that Belohradsky was living in Mexico; that none of the sums paid out on the security debts for the firm were ever repaid to appellee. That after the dissolution of the partnership appellee had taken a third mortgage on the property of Belohradsky, being all the property that had belonged to the firm, to secure the payment of the $4000 due by the firm for borrowed money; that all the property had been sold to pay off the mortgage debts, which it barely paid

off, and that the firm had no other property; that the amounts paid on the security debts had never been paid to appellee.

We shall discuss the errors assigned in appellant's brief, and give our conclusions thereon in the order in which they are presented.

The first assignment of error goes to the action of the court in over-ruling appellant's special exceptions to appellee's plea of want of consideration. Appellee alleged in the plea excepted to, that "he did endorse his name on the back of said notes, but alleges and charges that for said agreement to guarantee the payment of said notes he received no payment and no consideration whatsoever, and that therefore said contract is not valid and binding against him." The exception did not go to the manner and form of the plea, but to the affidavit at the end of the answer, which is as follows: "Otto Wahrmund, being first duly sworn, says, that this statement in the above *petition*, that his guaranty was without consideration paid to him, is true." It is evident that the word "petition" was inadvertently used for answer, but the exception was, that "the affidavit is restricted to a consideration paid to him." The exception was sustained, and appellee was permitted to amend his affidavit so that it read, "Now comes the defendant in the above styled and numbered cause and says, that the fact as alleged in his first amended original answer, that his endorsement of guaranty of the notes sued upon is without consideration, is true." If the first affidavit was imperfect and insufficient, we are of the opinion that the amended one was sufficient. There was no error in permitting the amendment. It merely went to the form of the affidavit, the facts being sufficiently pleaded, and they are sworn to be true. It was not setting up new substance and facts, but simply was an amendment to the affidavit to the truth of the facts alleged. No form for the affidavit of failure of consideration is prescribed, it being only required that the plea be sworn to     Rev. Stats., art. 1265.

In this connection it may be said, that in order to render valid a contract of suretyship or guaranty it must be supported by a sufficient consideration. This consideration is usually either of benefit to the principal or surety, or of detriment to the creditor; but whatever it may be, the law will not inquire into the prudence or imprudence of the surety or guarantor in making the contract. But where the consideration between the principal and creditor has passed and become executed before the contract of the surety or guarantor is made, and such contract was no part of the inducement to the creation of the original debt, such consideration is not sufficient to sustain such contract. Brandt on Sure., sec. 9. While perhaps, strictly considered, the appellee was an endorser and not a surety or guarantor, yet the same causes that will discharge a surety will ordinarily discharge an endorser, and we have viewed the case upon the lines laid down by the briefs of both parties.

The second assignment of error is without merit. The defendant (ap-

pellee) pleaded in a proper manner, that he had paid certain notes for appellant's firm, and it was not error to permit proof of the notes so paid, and plaintiff's motion to exclude the notes from consideration of the jury after they had been admitted was properly overruled. Upon the payment of the notes due by the firm of J. B. Belohradsky & Co. he was entitled to be substituted, as to the very debts themselves, to the creditors, and to have them assigned to him. He was subrogated to all the rights of the creditors. It was his right to sue for the debts, and when he was sued by the firm or any member of it, he had the right to plead the debts he had paid off for the firm as an offset to any debt he might have owed the plaintiff. Appellee was entitled to have the notes transferred to him; and whether it was done or not, equity considers that as done which ought to have been done; and whether the transfer was made in writing or not, the fact that he paid the notes made them his, and subrogated him to all the rights and privileges of the payees. This rule of law springs from principles, the most obvious and patent, of natural justice. The surety has performed a duty that was properly due by another, and justice and right would demand that he be placed in a position to obtain redress from him for whose debt he had bound himself. The real consideration for the contract of indebtedness has not come into his hands, but it is perchance a labor of love or act of friendship, and in his misfortune he is made a favorite of the law, and every reasonable opportunity will be given him to recover his money. With all the redress given him by law, the biblical truth will come home to him, that "He that is surety for a stranger shall smart for it; and he that hateth suretyship is sure." Brandt on Sure., 351, sec. 260; Sublett v. McKinney, 19 Texas, 439.

The seventh assignment says, "The court erred in submitting an issue at all to the jury on the counter-claims, because the defendant first endorsed the notes sued on, then took a mortgage from J. B. Belohradsky on the brewery plant, that was liable in equity for the debts so set up, and his mortgage for $4000 was paid in full out of funds that were liable primarily, being partnership assets, to the satisfaction of the very debts allowed to be set up in this action."

This assignment might have merit if it was supported by the facts; but it is not. The appellee swore, and he is uncontradicted on this point, that the mortgage for $4000 was given to secure a debt due by appellant's firm for money advanced by appellee to them. Portions of the security debts were not paid till long after the execution of the mortgage. The sale of the brewery plant under the mortgage brought only enough money to pay the mortgage debts, and after the disposition of the debts secured by mortgage, the appellee was left with all the security debts due and unpaid to him. This view of the fact disposes of the sixth assignment, which is a violation of the rules, and too general in itself for consideration.

The last assignment brings in review the sufficiency of the proof to sustain the verdict. There were really but two points in evidence to be passed on by the jury; and those were, first, as to whether there was any consideration for the endorsement; and second, whether, if there was a consideration, plaintiff's claim should be offset with that of defendant. There was a conflict in the testimony of the witnesses. If the appellee swore the truth, there was no consideration for his endorsement of the notes. He was not requested to sign them by the maker of the notes; but at the instance and request of appellant, he signed them in order that he might raise money on them. He did not raise money on them, and the consideration, if any, had been obliterated. The witnesses were before the jury, and no matter what our opinion may be of the proof, independent of the verdict, there was a conflict, and they have settled it in favor of the appellee. We are not disposed to disturb it. The jury may have found for appellee upon either of the grounds of the defense, and upon either their verdict would be sustained.

The judgment is affirmed.

*Affirmed.*

Delivered November 22, 1893.