### GREEN v. AMERICAN REFINING PROPERTIES. (No. 2325.)

Court of Civil Appeals of Texas. El Paso. Nov. 14, 1929.

Kilgore & Rogers, of Wichita Falls, for appellant.

Bullington, Boone, Humphrey & King, of Wichita Falls, for appellee.

PELPHREY, C. J. There being no dispute as to the correctness of the findings of fact by the trial court, we will here quote them as a statement of facts of the case:

The court found as follows:

"1. On August 25, 1922, R. M. Waggoner, J. S. Dickey, J. A. Bobo, and Ben Neal, signed as makers, a $3500.00 note, payable to J. I. Staley, who advanced to Ben Neal thereun-

der, $2500.00; upon learning that his note was being discounted, Waggoner paid J. I. Staley $2500.00 and Ben Neal $650.00 and took the note in September, 1922.

Up to this time W. J. Green was a stranger to the transaction.

"2. Thereafter in February, 1923, without consideration, W. J. Green agreed with R. M. Waggoner, to be responsible for a fourth of any loss to R. M. Waggoner occasioned by his (Waggoner's) being unable to make the debt out of Neal for whose accommodation the original note as between the parties to it had been executed.

"This agreement by W. J. Green to be responsible for a portion of the debt of another, which debt was incurred originally without request from Green was without consideration.

"3. Thereafter on November 1, 1923, J. S. Dickey and J. A. Bobo executed their $2625.00 note, payable to Wichita State Bank and Trust Company, due six months from date, said note representing ¾ of the original $3500.00 note above described, and same made payable to the Bank who was acting only as agent of R. M. Waggoner who had turned over to the bank the $3500.00 note for collection.

"This $2625.00 note dated November 1, 1923, was executed and accepted by the agent of Waggoner without request from W. J. Green.

"4. Thereafter on November 2, 1923, W. J. Green delivered to Lester Jones, an active officer of the Wichita State Bank and Trust Company, the following instrument in writing:

"'November 2, 1923.

"'Wichita State Bank and Trust Company, Wichita Falls, Texas—Gentlemen: This is, to advise you that I am responsible for the payment of ⅛ of a certain note dated November 1, 1923, in the amount of $2625.00 due six months after date, signed by J. A. Bobo and J. S. Dickey.

"'[Signed] W. J. Green.'

"5. Thereafter on May 1, 1924, J. A. Bobo and J. S. Dickey, executed their renewal note in the principal sum of $2625.00 payable to the Wichita State Bank and Trust Company, as agent for R. M. Waggoner, due ninety days from date.

"This note was executed and accepted without any request from Green.

"6. Thereafter on May 13, 1924, Green wrote on the letter which he had delivered to the Wichita State Bank and Trust Company on November 2, 1923, the following:

"'May 13, 1924.

"'I agree that this note may be renewed or extended for a period of ninety days from May 1, 1924.

"'[Signed] W. J. Green.'

"7. Thereafter on July 31, 1924, J. S. Dickey and J. A. Bobo executed their $2625.00 note, payable to the Wichita State Bank and Trust Company as agent of R. M. Waggoner,

due 120 days from date in renewal of their former note dated May 1, 1924. This note was given and accepted without any request from W. J. Green.

"8. Thereafter on September 5, 1924, Green wrote on the bottom of the letter, signed by him to the Wichita State Bank and Trust Company, dated November 21, 1923, as follows:

"'September 5, 1924.

"'I agree that this note may be renewed 120 days from July 31, 1924.

"'[Signed] W. J. Green.'

"9. Thereafter on January 24, 1925, J. S. Dickey and J. A. Bobo executed their $2625.00 note due ninety days from date, payable to the Wichita State Bank and Trust Company, as agent for R. M. Waggoner, which note was given and accepted without request from W. J. Green, and in renewal of the note dated July 31, 1924, which last renewal note dated January 24, 1925, is still an outstanding unpaid obligation.

"10. Thereafter on May 7, 1925, W. J. Green executed a note payable to R. M. Waggoner in the principal sum of $942.00 dated May 7, 1925, due ninety days after date with interest from date at the rate of eight per cent per annum, and providing for ten per cent additional upon principal and accrued interest as attorney's fees if placed in the hands of an attorney for collection, or if suit be brought thereon, which note was given as evidence of W. J. Green's obligation to pay ¼ of Waggoner's loss, if any, occasioned by Ben Neal's failure to pay the original $3500.00 obligation.

"11. The American Refining Properties became the owner of the note last above described after its maturity, and under such circumstances as that in its hands said note is subject to all defenses that it would be in the hands of R. M. Waggoner, which note has never been paid.

"12. There was no consideration to support the obligation sued upon herein other than the matters and things above set out."

The American Refining Properties filed suit on the note in question praying for judgment for principal, interest, and attorney's fees.

W. J. Green in his answer pleaded both total and partial want of consideration; that the agreement evidenced by the note was a contract of indemnity under which Green agreed to pay a portion of the debt of a third party in the event Waggoner was unable to collect from the third party; and that the note having come into the hands of the American Refining Properties after maturity was subject to all the defenses it would have been subject to in the hands of Waggoner.

The case was tried without jury, and the court rendered judgment in favor of the American Refining Properties for the sum of $787.50.

W. J. Green has appealed.

## Opinion.

Appellant's brief contains four assignments of error with three propositions thereunder.

The three propositions present the following questions: (1) That the execution of a note as evidence of a party's suretyship or guarantyship by one who is not a party to the original transaction, after the original contract has been fully executed and delivered, requires a new and independent consideration and without which there is a total want of consideration and consequently no liability; (2) that an instrument of indemnity is unenforceable and is no consideration for the execution of a note pursuant thereto, subsequently executed, unless the obligee sustains some loss against which the instrument of indemnity protected him; and (3) that the court erred in allowing attorney's fees in the case in the absence of proof that the amount allowed as being agreed upon to be paid by the holder of the note or as to the reasonable value of such services.

We are of the opinion that the first proposition is sound and supported by the authorities. King v. Wise (Tex. Com. App.) 282 S. W. 570; Jones v. Ritter, 32 Tex. 717; Simmang v. Farnsworth (Tex. Civ. App.) 24 S. W. 541; Baker v. Wahrmund, 5 Tex. Civ. App. 268, 23 S. W. 1023; People's State Bank v. Fleming-Morton Co. (Tex. Civ. App.) 160 S. W. 648.

In the case at bar we find that appellee is suing upon a note executed to Waggoner by Green in the sum of $942, and that Green has pleaded a want of consideration.

Under Rev. St. 1925, art. 5933, § 24, of the Negotiable Instrument Act, this note "is deemed prima facie to have been issued for a valuable consideration," and the question which we are called upon to decide is whether the facts set forth in the agreed statement are sufficient to overcome that presumption, the burden being upon Green to do so.

It is admitted that Green was not a party to the original making of the accommodation note; therefore his promise to pay Waggoner any amount he lost by reason of being unable to collect it from Neal was without consideration, under the authorities above cited.

His agreement to be responsible on the $2,625 note executed by Bobo and Dickey, taking place after the execution thereof, and there being nothing in the record to show that the note was accepted upon the strength of any agreement on his part, is also without consideration and unenforceable.

His subsequent extensions and renewals having been made without any request from Green, and his agreements that same could be made coming subsequent to the making thereof, would not render him liable.

If we are correct in these conclusions, then if there was any consideration for the note sued on it arose at the time of the giving thereof.

Appellee contends that the note of Bobo and Dickey for $2,625, being at the time past due, is sufficient to show a forbearance on the part of Waggoner to sue thereon as constituting a consideration for the note, or, at least, that appellant, in discharging the burden that was upon him to establish a want of consideration, should have introduced evidence to show that such was not the consideration.

While the record discloses that the note was past due and that it was at the time of judgment an outstanding obligation, there is not even a suggestion that there was any forbearance on the part of Waggoner in bringing suit thereon; in fact, as far as the record shows, there may be a suit pending on the $2,625 note at the present time. There is nothing in the record to suggest that, as far as that particular note was concerned, Green had agreed to be responsible for more than one-third thereof, and therefore no reason why Waggoner should desist from bringing an action thereon against Bobo and Dickey.

It further appears that this is not a case where the original debtor was released by reason of the guaranty, as the agreement of Green was "to be responsible for a fourth of any loss to R. M. Waggoner occasioned by his (Waggoner's) being unable to make the debt out of Neal."

We have concluded that the history of the whole transaction as it appears in the record is sufficient to show that no consideration for the note arose by reason of any agreement on the part of Green prior to the execution of the note, and that the facts are sufficient to overcome the presumption arising from the note itself.

The judgment of the trial court is reversed, and judgment here rendered that appellee take nothing.