NUMBER 13-02-046-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      
 
FIRST COMMERCE BANK F/K/A 
BRAZOSPORT BANK OF TEXAS,
                                                                                                     Appellant,

v.
 
J.V.3, INC., 
                                                                                                     Appellee.
                                                                                                                                      

On appeal from County Court at Law No. 3 of Brazoria County, Texas.
                                                                                                                      

                                                                O P I N I O N
Before Justices Hinojosa, Dorsey


 and Amidei



Opinion by Justice Amidei
 
Appellant, First Commerce Bank (“Bank”), appeals a take-nothing judgment on its
counterclaim on a promissory note and guaranty agreements against appellees, Christine
Palmer, individually, and Christine Palmer and Frederick A. Palmer, III, Independent Co-Executors of the Estate of Frederick A. Palmer, Jr. (“Palmers”). After a non-jury trial, and
after the close of the Bank’s case, the trial court granted the Palmers’ motion for instructed
verdict on grounds that the guaranty agreements were not supported by consideration
because they were executed subsequent to the promissory note, thereby requiring
consideration distinct from that of the note. The Palmers had been joined in a suit
originally brought by J.V. 3, Inc., against the Bank for lender liability and usury regarding
two promissory notes payable to the Bank. We affirm.
Factual Background
On March 30, 1983, the Bank, at the time known as Brazosport Bank of Texas,
loaned one million dollars to J.V. 3, Inc., a corporation, the borrowing entity for Quail Ridge
Grass Farm (“Farm”). The loan was evidenced by a promissory note and secured by a
deed of trust on certain real estate and associated personal property; the assignment of
shares of J.V. 3, Inc. stock owned by E. C. Stokely, J. C. Picard, Louis Jones, and
Frederick Palmer, Jr.; and guaranty agreements signed by Stokely, Picard, Jones,
Christine W. Palmer, and Frederick A. Palmer, III., as independent co-executors of the
estate of Frederick A. Palmer, Jr. The loan was further secured by the assignment of life
insurance policies on Jones, Picard, Stokely and Christine to the bank. 
In January 1988, pursuant to the note, the Bank accelerated its maturity, and
notified the borrower and the guarantors that the unpaid balance of $768,625 and interest
would have to be paid by March 30, 1988, or the March 30 installment in the amount of
$25,000 be paid, and a new note be made in the amount of $743,625.
On March 30, 1988, a second promissory note in the amount of $743,625 was
prepared and executed in renewal of the 1983 note. According to the Bank’s records and
its president, James Truck, the 1983 note was paid. Truck testified the loan was “refunded”
on March 30, 1988.
Separately and subsequently, on August 9 and 10, 1988, when they were not
partners


 in the Farm partnership, the Palmers signed and executed guaranties of the
March 30, 1988 promissory note. Prior to the execution of the March 30, 1988 promissory
note, there was no agreement that the Palmers would be guarantors thereof. The Palmers
had not been contacted regarding the note, had no knowledge of the note, and had not
agreed to execute guaranty agreements to secure the note. The note was well
collateralized without the Palmers as guarantors. The reason the Bank required the
Palmers to be guarantors on the 1983 note was because, at that time, they were partners
in the Farm partnership. In 1988, the Palmers did not have existing debts at the Bank and
were not customers of the Bank.
Issues
In its second issue, the Bank argues that the existence of consideration for a
guaranty agreement is a question of law, and the trial court committed an error of law when
it ruled that there was a lack of consideration for the guaranties signed by the Palmers.
The trial court’s granting of the Palmer’s motion for instructed verdict does not limit
appellate review to the question of whether the ruling was correct as a matter of law. See
Quantel Bus. Sys., Inc. v. Custom Controls Co., 761 S.W.2d 302, 304 (Tex. 1988).
Conclusions of law are reviewed de novo as a question of law and will be upheld if
the judgment can be sustained on any legal theory supported by the evidence. Adams v.
H. & H. Meat Prod., Inc., 41 S.W.3d 762, 769-70 (Tex. App.–Corpus Christi 2001, no pet.). 
A trial court’s conclusions of law may not be challenged for factual sufficiency. Id. 
Conclusions of law will not be reversed unless they are erroneous as a matter of law. Id. 
Incorrect conclusions of law do not require reversal if the controlling findings of fact support
a correct legal theory. Id.
The Palmer’s motion for directed verdict was premised on the argument that a
failure of consideration and material alteration had been established as a matter of law. 
The trial court’s judgment does not make a finding indicating the ground upon which it
granted the motion. We conclude the judgment was correct based on “failure of
consideration,”


 and we agree with the trial court’s conclusion of law. 
If the promise of the guarantor is made contemporary to the
promise of the primary debtor, the consideration which
supports the primary debtor’s promise also supports that of the
guarantor. If, however, a contract of guaranty is entered into
independently of the transaction which created the primary
debt or obligation, the guarantor’s promise must be supported
by consideration distinct from that of the primary debt.
 
Fourticq v. Fireman’s Fund Ins. Co., 679 S.W.2d 562, 564 (Tex. App.–Dallas 1984, no writ)
(emphasis added); see Bohart v. Universal Metal & Mach., Inc., 523 S.W.2d 279, 285 (Tex.
Civ. App–Dallas 1975), rev’d on other grounds, 539 S.W.2d 874 (Tex. 1976). A promise
to become a surety or guarantor on the debt of another is sufficient consideration for the
debt, if the promise is made at, or before, the time the debt is created. 14 Tex. Jur. 3d
Contracts § 130 (1997). However, if the promise is made after the indebtedness of the
debtor to the creditor has been created, the agreement must normally be supported by new
consideration. See id. If the note was not made at the request of the guarantor, any
consideration for the note arose at the time of the giving thereof. Green v. Am. Ref. Props.,
22 S.W.2d 343, 345 (Tex. Civ. App.–El Paso 1929, no writ). Therefore, we reject the
Bank’s argument that the law does not support a finding of failure of consideration by the
trial court. We overrule the Bank’s second issue.
          In its first issue, the Bank argues that the Palmers bore the burden of proving that
there was no consideration for the guaranties, or that the consideration had failed.
According to the Bank, the Palmers attempted to sustain that burden with evidence that
the guaranties were signed after the promissory note and evidence that the collateral for
the note had been impaired. The Bank contends that this evidence was legally and
factually insufficient to support the court’s ruling that there was a lack of consideration for
the guaranties signed by the Palmers. In short, the Bank claims the evidence that the note
was signed on March 30, 1988, and the guaranties were signed in August, 1988, was
legally and factually insufficient to prove the guaranty contracts were signed after the
promissory note. 
          When we review a “no evidence” or legal sufficiency of the evidence issue, we must
consider all of the record evidence in a light most favorable to the party in whose favor the
verdict has been rendered, and indulge in that party’s favor every reasonable inference
deducible from the evidence. See Adams, 41 S.W.3d at 770. When both legal and factual
sufficiency issues are raised, we must first review the legal sufficiency to determine if there
is any evidence of probative value to support the judge’s findings. Id. The findings of fact
must be upheld if there is more than a scintilla of evidence in support thereof. Id. There
is more than a scintilla when the evidence creates more than a mere surmise or suspicion
of its existence. Id. 
          Viewing the evidence in a light most favorable to the Palmers, and considering the
reasonable inferences therefrom, the guaranty agreements were signed on August 9 and
10, 1988, which was more than four months subsequent to the date the promissory note
was signed on March 30, 1988. Prior to the signing of the promissory note, there was no
agreement contemplating that the Palmers would sign the August 1988 guaranty
agreements. The Palmers were not contacted prior to signing the note, and the trial court
could have inferred they had no knowledge of the note prior to it being signed. The note
was well secured without the Palmers’ guaranty agreements. At that time, the Palmers
were not partners of the Farm partnership and were not customers of the Bank or in debt
to the Bank. The Bank’s only reason for having the Palmers sign the 1983 guaranty
agreements was because they were partners of the Farm partnership at that time.           Based on the record evidence, the trial court could have inferred from the
deterioration of the relationship of the parties and the financial condition of the Farm, that
none of the parties involved, except the Bank, contemplated that the Palmers would sign
the guaranty agreements. The trial court may further have concluded that since J.V.3, Inc.
and the Farm were already liable to the Bank on the March 30, 1988 note, with the
consideration having been exchanged between those parties over four months before the
Palmers signed the guarantor agreement, the transaction was complete. 
          No new benefit, therefore, could later flow to J.V.3, Inc. or the Palmers under the
terms of the indemnity agreements sued upon. See Fourticq, 679 S.W.2d at 565. These
guarantor agreements were not part of the inducement to the creation of the March 30
note. The Palmers were not asked to sign the August 1988 guaranty agreements until well
after the March 30, 1988 note was signed.
          We conclude the evidence was legally sufficient to prove: (1) the guaranties were
signed well after the promissory note was signed, thereby requiring a consideration distinct
from that of the note; (2) no such consideration arose by reason of any agreement of, or
benefit to the Palmers prior to the execution of the note; and (3) the facts are sufficient to
overcome any presumption of such consideration.
          If the findings are supported by legally sufficient evidence, we must then review the
factual sufficiency of the evidence. See Adams, 41 S.W.3d at 770. When we review an
“insufficient evidence” or factual sufficiency of the evidence issue, we consider, weigh and
examine all of the evidence which supports or undermines the finding. Id. We set aside
the verdict only if it is so against the great weight and preponderance of the evidence as
to be manifestly unjust. Id. Because the trier of fact is the sole judge of the credibility of
the witnesses and the weight to be given their testimony, we may not substitute our
judgment for that of the fact finder’s. Id. Where there is conflicting evidence, the trial
court’s determination on such matters is generally regarded as conclusive. Id. 
          While there was testimony that bank documents showed the note was “rolled”


 from
its March 30, 1988 date to the August dates, the trial court was free to find the March 30,
1988 date was the date intended between the parties as the effective date of the note. The
Bank has cited no authority to indicate the trial court was bound to accept the Bank’s
attempt to change the effective date from the date it was signed to the later date the
guarantor agreements were signed in order to avoid the additional consideration
requirement. The Bank did not prove the Palmers agreed to make the note’s effective date
the same as the guaranty agreements, or that J.V.3, Inc. agreed to change the note’s
effective date from March 30, 1988 to correspond to the signing dates of the guarantor
agreements in August 1988. 
          If there is any conflict in the evidence as to the date of the note and the dates of the
signing of the guarantor agreements, the trial court’s conclusion that the guaranty
agreements were signed and executed subsequent to the note is conclusive. See id. We
find that the evidence is factually sufficient to support the trial court’s findings.
          The Bank’s first issue is overruled.
          The Bank complains in its third issue that the trial court improperly took judicial
notice of a judgment from a different court involving parties other than the Bank. However,
the trial court had the discretion to take judicial notice of a judgment in a different case
when requested by the Palmers. Langdale v. Villamil, 813 S.W.2d 187, 189-90 (Tex.
App.–Houston [14th Dist.] 1991, no writ); see Tex. R. Evid. 201(c)(f). 
          The Bank also complains that the judgment from the other court was not offered in
the form of a certified copy. The Bank failed to make a proper objection to the trial court’s
taking judicial notice of the judgment, or for not requiring a certified copy thereof, and the
error, if any, is waived. Tex. R. App. P. 33.1(a). Even if the trial court erred in judicially
noticing the judgment, the error probably did not cause an improper judgment, or prevent
the Bank from properly presenting the case to the court of appeals. Tex. R. App.
P.44.1(a)(1), (2). The Bank’s third issue is overruled.
          In view of our disposition of the first three issues, it is not necessary to address the
Bank’s fourth issue. Tex. R. App. P. 47.1.
          We affirm the judgment of the trial court. 
 
                                                                  ________________________
                                                                           MAURICE AMIDEI, JUSTICE
                                                                           (ASSIGNED)

Justice Dorsey, not participating.
 
Opinion delivered and filed this
the 19th day of August, 2004.