## ALMIRA REED v. SARAH BREWER.

### Decided November 9, 1896.

1. **Trial by Court—Presumption in Absence of Findings of Fact.**

Where trial is without a jury and no findings of fact are made, it will be presumed on appeal that the court found every fact necessary to its judgment fairly deducible from the evidence. A party desiring to avoid being bound by this presumption should demand of the trial court the filing of conclusions of fact. (P. 148.)

2. **Illegal Contract—Sale of Furniture for Brothel.**

See opinion for evidence from which an inference was held fairly deducible that, on a sale of furniture for a house of prostitution to its mistress, to be paid for in installments, the vendor contemplated and actually aided and abetted her in the venture and was precluded from recovery because the contract was illegal. (P. 148.)

3. **Same.**

Query whether such contract would be legal had the evidence shown only that the furniture was sold with knowledge of the purpose to which it was to be applied and the fact that defendant had no other means of payment. (P. 148.)

4. **Same—New Contract—Consideration Void in Part.**

Where notes given in an illegal transaction were sued on and the suit was dismissed in pursuance of a new contract to pay the debt in installments, the illegality of the original transaction makes void the new contract also. Its consideration was not alone the dismissal of the suit, but the original notes themselves, and a promise made upon several considerations, one of which is unlawful, is void. (Edwards Co. v. Jennings, 89 Texas, —.) (P. 149.)

5. **Same—Notice—Partnership—Denial Under Oath.**

Where the fact that plaintiff, the assignee of notes sued on, was a partner of the original payee, in whose name the business was conducted, in the transaction for which the notes were given, is pleaded by defendant, for the purpose of showing notice to plaintiff of the illegality of the transaction, plaintiff must deny the existence of such partnership under oath or be charged with notice of the facts. (P. 149.)

ERROR to Court of Civil Appeals, Fourth District, in an appeal from Bexar County.

Reed brought the suit against Brewer, who plead the illegality of the transaction and had judgment on a trial before the court. Plaintiff appealed and, on affirmance of the judgment, obtained a writ of error.

*Otto Staffel,* for plaintiff in error.—The dismissal of a pending suit is itself a valuable consideration to bind an executory contract made thereon, and a suit being brought for breach of such executory contract the obligator can not escape his liability thereon by setting up any matter which might have been a good defense to the cause of action set up in the first suit. Hunter Evans & Co. v. Lanius, 82 Texas, 677; 16th Am. Law Reg. N. S., 152; Brownell v. Harsha, 29 Ohio St., 631; Swem v. Green, 12 Pacific Reporter, 202; Grandin v. Grandin, 9 Atlantic Reporter, 756.

A negotiable promissory note being endorsed in blank by the payee, any subsequent holder, in the absence of proof to the contrary, is presumed to have acquired the same before maturity, and to be a bona fide holder for value and an innocent purchaser; and, as against such holder, such illegality of consideration is no defense to the note, unless it has been so expressly declared by the statute. McAlpin v. Finch, 18 Texas, 831; Watson v. Flanagan, 14 Texas, 354; Herman v. Gunter, 83 Texas, 68; Kaufman v. Robey, 60 Texas, 310; Cavenah v. Somervill, Dallam, 532; Campbell v. Jones, 2 Texas Civ. App., 265.

The mere knowledge, by the vendor of goods, of the illegal purpose for which they are to be used, is no defense against an action brought to recover their price. Bishop v. Honey, 34 Texas, 245; Kottwitz v. Alexander, 34 Texas, 690; McKinney v Andrews, 41 Texas, 365; Lewis v. Alexander, 51 Texas, 590-591; Labbe v. Corbett, 69 Texas, 506.

In a motion for rehearing, which was overruled, counsel urged that art. 1192, Rev. Stats., only relates to matter pleaded by plaintiff in defense of some counter-claim of defendant.

*Cox & Hallom,* for defendant in error.—The law will not enforce the payment of promissory notes, the consideration of which is based upon a sale of goods, to be used in setting on foot and running a house of prostitution, when it is contemplated by both the seller and the buyer that the money to pay the notes is to be derived from the prostitution to be carried on by the use and aid of the articles so sold. Seeligson v. Lewis, 65 Texas, 215; Hunstock v. Palmer, 4 Texas Civ. App., 459; Wegner Bros. v. Diering, 65 Texas, 511; Addison on Contracts, vol. 2, pt. 2, p. 718; Tiedeman on Com. Paper, sec. 195; Daniel on Neg. Insts., secs. 195, 200; Wharton on Cont., sec. 340; Schouler, Personal Prop., pp. 643-4-5-6-7-8; Benjamin on Sales, (2d ed.) 406-7-8; 12 Wall., 342; 69 Texas, 505.

Where a contract is illegal, all substituted contracts, contrived or intended to carry the original illegal contract into effect are illegal. Shel-

ton v. Marshall, 16 Texas, 344; Wegner Bros. v. Biering, 65 Texas, 509; Brandenstein v. Ebensberger, 71 Texas, 268; Boutelle v. Melendy, 19 N. H., 196; Coulter v. Robertson, 22 Miss., 18; 2 Addison on Contracts, 714, star p. 1135; Tiedeman on Com. Paper, sec. 180.

Where a partnership becomes possessed of mercantile paper, the knowledge of defenses on the part of one partner is notice to all the members of the partnership. Liddell v. Crain, 53 Texas, 549; Bates on Partnership, sec. 393.

DENMAN, ASSOCIATE JUSTICE.—A. Reed, as plaintiff, brought this suit against Sarah Brewer, as defendant, alleging that on the 14th day of March, 1885, defendant executed to Erastus Reed nine promissory notes for $200 each, payable to the order of Erastus Reed on specified dates in the year 1889; that thereafter in September, 1885, before their maturity, Erastus Reed for value endorsed and delivered said notes to plaintiff; that in March, 1894, suit was brought upon same for benefit of plaintiff against defendant in the District Court of Bexar County and, pending such suit, no defense being made by defendant, an agreement was entered into in writing between plaintiff and defendant, on the 20th day of April, 1894, whereby defendant agreed to pay the costs of court and to pay said notes in installments of $20 per week until the same shall be discharged, whereupon, in consideration of such agreement, said suit was dismissed; that by reason of such facts defendant became liable to pay plaintiff on said notes said sum of $20 for each and every week after 20th of April, 1894, until said notes were paid, but that she has wholly failed to pay same or any part thereof, wherefore plaintiff prays for judgment against defendant for such sums.

Defendant in addition to a general denial answered in substance that on March 14, 1885, and many years prior thereto, plaintiff was a partner in the mercantile business with Erastus Reed, under the firm name of Erastus Reed; that prior to said 14th day of March, 1885, defendant, being desirous of refurnishing her house of prostitution, entered into an agreement with said firm, which was then selling furniture, by the terms of which said firm was to furnish her said house with such furniture as she desired, and said firm agreed to receive its pay therefor in weekly and monthly payments, as defendant should be able to pay from the moneys received from the prostitution carried on in said house, by the use and aid of said furniture; that the different members of said firm, at the time the furniture was sold to defendant, knew that she was keeping said house of prostitution and that said furniture was to be used in aid and furtherance of the crime of prostitution, and it was understood by said firm that the money to pay for said furniture was to be derived from the prostitution carried on in said house by the use and aid of said furniture; that some time after said furniture was delivered to defendant by said firm and defendant had made numerous payments thereon she, at the request of said firm, on said March 14, 1885, executed the notes herein sued upon, to-

gether with forty-two other notes of $200 each, and six notes for $100 each, one of such notes becoming due April 1, 1885, and one each month thereafter; that at the time of the execution of said notes defendant executed an instrument in writing called a lease of said furniture; that said sale of said furniture and said lease and notes herein sued upon were all made and executed in furtherance of the crime of prostitution "and for the purpose of enabling defendant to start, set on foot and open and keep open a brothel and house of prostitution," wherefore said notes are void and defendant prays for judgment, costs and general relief.

On the trial of the case before the court without a jury plaintiff introduced the notes described in the petition endorsed in blank, "Erastus Reed," proved the bringing of the suit thereon, the execution of the new agreement pending the suit and the dismissal of said suit as alleged in the petition. Defendant in her own behalf testified that in 1883, she being a keeper of a house of prostitution, and her house having burned, she built a new one and bought the furniture for which the notes were given from Erastus Reed in order to furnish the same, he knowing that it was to be a house of prostitution, "and that she was going to use the furniture for that purpose at the time she bought it, and that the money to pay for it had to come out of prostitution;" that a year or two after the furniture was purchased, at the request of Erastus Reed, and in order to enable him to raise money at the bank, she executed the notes described in her answer for the balance then due on said furniture account, and at the same time executed an agreement to secure said notes, which agreement, being introduced by her, appeared to be signed by her and Erastus Reed, i stating that Erastus Reed agrees to sell to defendant a large assortment of household furniture upon condition that she pay him, among other sums, the amounts represented by said notes and that, until all of said sum is paid, the title to the property shall remain solely in said Reed. The agreement further provided "that defendant may have possession of same and may use same with care and shall neither remove the same from her house or sell the same, and in the event she fail to pay any installments or shall fail to comply with any part of the stipulations to be performed by her, said Erastus Reed shall have the right to re-take possession of said furniture and use or sell the same, and if defendant pay all sums as agreed to then Erastus Reed will make a bill of sale to her." Defendant also introduced a deed of assignment dated February 2, 1886, "executed by Erastus Reed and by Elmira T. Reed for herself, and as executrix of Erastus Reed, deceased," to an assignee in which they recite "that they then and theretofore have been doing business in the City of San Antonio, Texas, under the style and firm name of Erastus Reed." This is substantially the evidence introduced.

The court rendered judgment that plaintiff take nothing by her suit and that she pay all costs, but filed no conclusions of law or fact, which judgment having been affirmed by the Court of Civil Appeals, plaintiff has brought the same to this court by writ of error.

Plaintiff assigns as error "that the court erred in failing to find that the original notes given for the purchase price of the furniture were given for a good and valid consideration, and in not finding that nothing of the illegality of appellee's vocation entered into and formed a part of the original contract of sale nor of the notes given in security thereof."

We are of the opinion that from the facts: (1) That so large an amount of furniture was sold by Erastus Reed to defendant on open account, apparently without security, with the knowledge on his part of the very purpose for which it was to be used and that the money to pay for same "had to come out of prostitution;" (2) that the payments were to be made weekly or monthly in such small sums as defendant might be able to realize from such business, conducted with the aid of the furniture, extending over a number of years; (3) that thereafter defendant, "at the request of Erastus Reed, and in order to enable him to raise money at the bank," executed the notes and the instrument securing same; (4) that said instrument provided that until all the money was paid the title to the furniture was to remain solely in Reed, defendant to retain possession, but not to remove same from the house of prostitution, where it then was being illegally used, nor sell same; the trial court might properly have found not only that Erastus Reed sold the furniture to defendant knowing that she was to use it for the purpose of putting up and carrying on a house of prostitution and that his pay must come from the revenues derived therefrom, but also that Erastus Reed at the time of the sale contemplated and subsequently was actually aiding and abetting her in the venture. We are not informed, however, whether or not it did so find, as there are no conclusions of fact by the trial court in the record. Under these circumstances we must, in support of the judgment, presume that the court found every fact, fairly deducible from the evidence as we have seen this was, necessary to its rendition. If plaintiff desired to avoid being bound by this presumption she should have demanded of the trial court the filing of its conclusions of fact, showing whether or not it deduced such fact from the circumstances in evidence. She not having done so the presumption that it did is conclusive and such purpose on the part of Erastus Reed must be taken by us to be established by the evidence. Where such a purpose actuates the vendor at the time of the sale in this class of cases the entire contract becomes tainted with the illegality. We are therefore of the opinion that the assignment is not well taken.

We express no opinion as to the legality of the transaction, had the evidence, as contended by plaintiff, only justified the conclusion that Erastus Reed sold the furniture with knowledge of the purpose to which it was to be applied and that defendant had no other means of paying for same than the proceeds of her immoral vocation. Upon this question we granted the application for writ of error but, as we have concluded that the evidence justifies the deductions above stated, we deem it unnecessary to consider or decide it.

Plaintiff's next assignment of error is to the effect that the court erred

in findi ıg that the agreement to pay the notes made in consideration of the dismissal of the first suit was still tainted with the illegality of the notes themselves.   There can be no question but that the dismissal of the suit furnished a sufficient consideration to support the subsequent agreement to pay the notes as set out above, but such dismissal does not constitute the entire consideration for such promise.   The second promise was based upon two considerations, (1) the notes themselves, and (2) the dismissal of the suit, one of which considerations as seen above is unlawful. This brings the promise within the rule laid down by this court in Edwards County v. Jennings, to the effect "that a promise made upon several considerations, one of which is unlawful, no matter whether the illegality be by common law or by statute, is void."  (35 S. W., 1053; 89 Texas.) Therefore the assignment is not well taken.

Plaintiff also assigns as error that "the court erred in finding that she was affected with notice of the immoral purpose for which the furniture was to be used, because it appears from the evidence and the legal presumption therefrom arising that plaintiff acquired the notes in evidence before maturity, and that she is an innocent, bona fide purchaser for value and without any notice of any illegality with which the same might be affected, and there is no evidence to the contrary or in conflict therewith."   The Court of Civil Appeals, and we presume the court below, held plaintiff to have had notice of the illegality in the transaction by reason of the fact that the record showed that she was a partner in business with Erastus Reed, under the firm name of Erastus Reed, at the time the furniture was sold and the notes taken.   This assignment is sought to be maintained by plaintiff upon the ground that the only evidence of partnership is the recital made in the deed of assignment referred to above, which was executed subsequent to the endorsement of the notes, and plaintiff contends that the court of Civil Appeals erred in holding that said recital was sufficient to establish the existence of a partnership at the prior date of the sale of the goods or the taking and endorsement of the notes.   We do not however feel called upon to determine this question, for the reason that defendant, as stated above, pleaded the existence of said partnership at the date of the sale of the furniture and of the taking of the notes, and plaintiff not having denied the same under oath, it was an admitted fact in the case and plaintiff was therefore a party to the transaction.   Article 1192 (1196), Revised Statutes, provides that when "the defendant is required to plead any matter of defense under oath the plaintiff shall, in like manner, be required to plead like matters under oath when relied on by him;" and article 1264, Revised Statutes, requires an answer denying the existence of a partnership alleged in the petition to be verified by affidavit.

We are therefore of the opinion that it must be taken as an established fact that plaintiff and Erastus Reed were partners under the firm name and style of Erastus Reed at the date of the sale of the furniture, and the taking of the notes, and that she is charged with notice of the facts relat-

ing to the transaction with the firm of which she was a member, and that therefore the assignment is not well taken.

We are therefore of the opinion that there was no error in the judgments of either the Court of Civil Appeals or the court below and they should be affirmed.

*Affirmed.*