BONNIE & CO. v. BLANKENSHIP.
(No. 6032.)

(Court of Civil Appeals of Texas. Austin.
Jan. 29, 1919.)

1. CONTRACTS ⟲⟹138(1) — ILLEGALITY—EFFECT.

Contract in violation of law or public policy of state will not be enforced.

2. INTOXICATING LIQUORS ⟲⟹327(1) — ILLEGALITY OF SALE—KNOWLEDGE OF INTENDED USE.

Seller of whisky to defendant, not qualified to obtain license to operate saloon, who had procured another to obtain such license, defendant himself furnishing money and in fact owning business, could recover price of whisky, though knowing of facts.

3. CONTRACTS ⟲⟹137(1) — ILLEGALITY—UNLAWFUL USE OF SUBJECT-MATTER—EFFECT.

If a part of an agreement is to use the subject-matter or a part of it for an unlawful purpose, the contract is void.

Appeal from Bell County Court; M. B. Blair, Judge.

Action by Bonnie & Co. against J. B. Blankenship, resulting in directed verdict for defendant. From overruling of their motion for new trial, plaintiffs appeal. Reversed, and judgment rendered for plaintiffs.

Sam D. Ware and C. C. Countess, both of Belton, for appellant.

JENKINS, J. We copy the following statement of this case from appellants' brief:

"This cause was brought originally in the county court by the appellant against appellee to recover a debt on open account for the sum of $306, due for goods, wares, and merchandise sold by plaintiff and charged to the account of the defendant on or about August 9, 1916. The plaintiff filed its first amended original petition, setting out the facts in full and attaching a verified account, and the defendant answered by general denial and general exception, and by the denial of the verified account.

"The cause went to trial before a jury on these pleadings without taking up the exceptions, and the plaintiff introduced the depositions of two witnesses for plaintiff and rested, at which time the defendant introduced a motion, asking for instructed verdict, and setting up that plaintiff's evidence showed an illegal contract between the plaintiff and defendant. The court granted the motion and instructed the jury to return a verdict in favor of the defendant. The plaintiff excepted to the motion introduced by the defendant, and to the action of the court in instructing a verdict in favor of the defendant, and made motion for new trial in the lower court, which said motion of the plaintiff was duly overruled, and from which action of the court the plaintiff has appealed, and the matter is before this court for review."

No brief for appellee has been filed in this court.

[1, 2] It is evident that the court instructed a verdict herein upon the ground that a contract in violation of law or the public policy of the state will not be enforced. This principle is well established, but it is not applicable to the facts of this case, which are: Appellee was not qualified to obtain a license to operate a saloon in Bell county. He procured one Grover C. Williams to obtain such license; appellee furnishing the money, and in fact owning the business, though it was operated in the name of Williams. Appellants' agent sold appellee whiskies to be used in said business, knowing the facts as here stated.

This suit was brought to recover the price of such whiskies. After testimony was introduced by appellants, showing the facts as herein stated, the appellee moved the court to instruct a verdict for appellee, which was done.

From a cursory reading of Reed v. Brewer, 90 Tex. 144, 37 S. W. 418, it might appear that that case supported the judgment of the trial court herein. But we call attention to the following statement of the court in that case:

"The trial court might properly have found, not only that Erastus Reed sold the furniture to defendant knowing that she was to use it for the purpose of putting up and carrying on a house of prostitution, and that his pay must come from the revenues derived therefrom, but also that Erastus Reed at the time of the sale contemplated and subsequently was actually aiding and abetting her in the venture."

There is a conflict of authority as to whether a contract is void only when the unlawful use of the subject-matter of it is a part of the agreement, or whether, though this is not so, the known intention of the one party to put it to an unlawful use will render it void. The tendency of the decisions in this state has been towards a denial of the invalidity of a contract on the mere ground that one party to it may have known of an intention on the part of the other to use the subject-matter of the contract for an unlawful purpose. McKinney v. Andrews, 41 Tex. 366; Bishop v. Honey, 34 Tex. 252. In McKinney v. Andrews, supra, 41 Tex. p. 366, the court said:

"The mere knowledge of such purpose, which may or may not be carried into effect, seems to be too remotely connected with it to avoid the contract or preclude recovery upon it."

In Bishop v. Honey, supra, 34 Tex. 251, 252, the court quotes with approval, as follows:

⟲⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"'Mere knowledge by the vendor of goods of the illegal purpose for which they are to be used is no defense against an action brought to recover their price.' Gaylord v. Soragen, 32 Vt. 110 [76 Am. Dec. 154]. 'A clerk in the office of a dealer in lottery tickets in the state of Indiana, where lotteries are prohibited by law, can recover his salary.' Riggs v. Adams, 12 Ind. 199. 'The vendor of billiard tables can recover the price of such tables, although used for gambling purposes.' Beckel v. Sheets, 24 Ind. 1: Bowry v. Bennett, 1 Camp. N. P. 348; Williamson v. Watts, Id. 553; Loyd v. Johnson, 1 B. & P. 340. * * * Perhaps there are no authorities bearing more directly upon this question than that of Armfield v. Tait, 7 Iredell Law, 260, and Mills v. Johnson, 23 Tex. 308."

[3] We are not called upon to decide whether or not a contract is void when a part of the agreement is to use the subject-matter, or a part of it, for an unlawful purpose. If we were, we would hold that such agreement renders the contract void. But such is not the case here. It was no part of the consideration for which appellant sold the whiskies that appellee should use them in unlawfully carrying on a saloon business. The fact that appellant knew that appellee intended to do so does not prevent a recovery for the price of the goods sold.

For the reason stated, the judgment of the trial court is reversed, and judgment is here entered for appellant for the amount sued for.

Reversed and rendered.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed April 2, 1919.