## WOLDERT v. PUKLI. (No. 1118.)

(Court of Civil Appeals of Texas. El Paso. April 29, 1920. Rehearing Denied May 20, 1920.)

**1. Appeal and error ⊨931(3)—Findings presumed in support of judgment where none are filed.**

Where findings of fact and conclusions of law were not filed by the trial court on trial without a jury, it must be presumed in support of the judgment that the court found every fact fairly deducible from the evidence necessary to its rendition.

**2. Partnership ⊨311(3) — Court need not audit items in settlement upon which there was no contention.**

In a suit to set aside a settlement of partnership affairs, court need not audit all the partnership accounts, where there is no issue between the parties except as to certain items.

**3. Partnership ⊨311(5)—Fraud vitiates voluntary settlement.**

Fraud vitiates a voluntary settlement of partnership affairs as it will any other contract.

**4. Partnership ⊨311(5) — Judgment for plaintiff in suit to set aside settlement for fraud sustained by evidence.**

In an action to set aside a settlement of partnership affairs on the ground of fraud, evidence *held* sufficient to sustain a judgment for plaintiff.

**5. Partnership ⊨311(5) — Partner in final settlement may rely on statements of other partner.**

Partners occupy a fiduciary relationship to each other and have the right to repose confidence in one another and to rely upon statements made relative to partnership affairs, and are not required to deal with one another at arm's length, even in a settlement of partnership affairs, and it is no answer in a suit to set aside a settlement that plaintiff had means of obtaining knowledge of matters involved.

**6. Partnership ⊨311(5) — Whether partner had right to rely on partner's representations inducing settlement held for court.**

In an action by a partner to set aside a settlement of partnership affairs, whether plaintiff had a right to rely on the representations and statements of defendant partner *held* for the trial court under the evidence.

---

⊨For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**7. New trial ⬤108(2)—No abuse of discretion in refusing new trial for newly discovered evidence.**

In a suit by partner to set aside a settlement of partnership affairs, *held*, that court did not abuse its discretion in refusing to grant defendant a new trial on the ground of newly discovered evidence concerning items in evidence, where the newly discovered evidence probably would not have changed the result and there was nothing to indicate that the court charged defendant with such items.

**8. Appeal and error ⬤981—New trial ⬤99 —Refusal on ground of newly discovered evidence discretionary.**

The refusal of new trial on ground of newly discovered evidence is a matter which rests largely in the discretion of trial judge, and his action ordinarily will not be revised by an appellate court.

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Action by Frank Pukli against W. A. Woldert. Judgment for plaintiff, and defendant appeals. Affirmed.

P. E. Gardner, M. Scarborough, and E. F. Cameron, all of El Paso, for appellant.

Judkins & Murphy, Chas. Vowell, and Ponder S. Carter, all of El Paso, for appellee.

HIGGINS, J. In 1915 the appellant, Woldert, and appellee, Pukli, formed a partnership. The partnership owned a number of automobiles which were employed in transportation service for hire in the city of El Paso. In 1916 the partnership also engaged in the canteen business with Pershing's Expedition in Mexico. They operated a canteen with the expedition selling various supplies to the soldiers. The supplies were purchased in El Paso and transported to the headquarters of the expedition and there sold. One of the partners would remain in El Paso purchasing and shipping supplies and running the service business. The other partner remained in Mexico looking after that branch of the business. Prior to August 25, 1916, Pukli had spent most of his time with the expedition; Woldert remaining in El Paso. About the last-mentioned date Pukli returned to El Paso, and Woldert took his place with the expedition in charge of the canteen sales. Woldert remained in Mexico for some weeks, when their concession to operate was revoked by the military authorities. Woldert then returned to El Paso with the remaining supplies and balance of funds derived from canteen sales. About two weeks after his return, there was a dissolution of the partnership and settlement between the partners. In this settlement Pukli purchased from Woldert the latter's interest in the partnership assets for $3,800, for which Pukli gave his note payable in monthly installments of $300 each, secured by mortgage upon automobiles. Woldert also received an automobile. Upon the note Pukli made payments amounting to $1,100. Shortly after making the last payment, Pukli filed this suit to set aside the settlement of the partnership affairs, to cancel the note and mortgage which he had given Woldert, and for accounting. The basis of the suit was that in making the settlement Woldert fraudulently misrepresented the amount realized and received from the canteen sales made during the time he was in charge from the latter part of August to the date their concession was canceled.

Upon trial without a jury, judgment was rendered canceling the note and mortgage and in Pukli's favor for the sum of $401.86. From this judgment Woldert appeals.

## Opinion.

[1] Findings of fact and conclusions of law were not filed by the trial court. In this condition of the record, it must be presumed, in support of the judgment, that the court found every fact, fairly deducible from the evidence, necessary to its rendition. Reed v. Brewer, 90 Tex. 144, 37 S. W. 418, and other cases cited in 1 Michie, Dig. 753.

The first assignment is as follows:

"Because the judgment of the court only covers an accounting between plaintiff and defendant for a portion of the time plaintiff and defendant were in partnership; that they were in partnership for more than 18 months, and the accounts introduced in evidence only covered a period of about 5 months and the accounts offered by plaintiff were only a portion of the accounts for that period; that all the accounts were in the possession of the plaintiff; that the evidence shows that there were about 450 checks written on said account and only 150 were offered in evidence. If an accounting is granted at all, it should cover the entire time the partnership existed."

[2] In the first place, there was no issue between the parties as to the partnership affairs except as to the amount of money collected by Woldert while he was in Mexico on the last trip. It was the contention of Pukli that Woldert had not accounted for all of the partnership money received by him on that trip. There was no occasion for the court to audit the partnership accounts prior to August 25, 1916, as there was no contention by either of the parties in that particular. The court excluded no evidence offered by Woldert, and there is nothing in the record to indicate that Woldert was entitled to any credit during the period preceding his last trip to Mexico which he did not receive. In the settlement of partnership affairs there is no occasion to go over matters concerning which there is no dispute.

Under the sixth, seventh, and eighth assignments the sufficiency of the evidence to support the judgment is assailed. The propositions advanced are as follows:

⬤For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

First. "Partners, who have made a settlement of their accounts, in whole or in part, and reduced it to writing, are concluded thereby, and the settlement is binding on both partners in the absence of fraud."

Second. "When a settlement has been made between partners and an accounting had, courts will not disturb this settlement and accounting, except for the most cogent reasons. The law favors settlements by the partners."

Third. "Even though there has been fraud committed by one of the partners in the settlement, a court will not set aside the settlement made between the partners themselves, if the partners had knowledge of the transaction concerning the fraud of which he later complains, or had means of obtaining such knowledge."

[3] The correctness of the first two propositions may be conceded, but fraud vitiates a voluntary settlement of partnership affairs as it will any other contract, and the real question arises upon the third proposition. And this must be resolved against appellant if there is sufficient evidence to support a finding that Pukli was defrauded in the final settlement. There is evidence to this effect: While in Mexico, Woldert made several remittances to Pukli in El Paso which were deposited in bank to the credit of the partnership. The amount of these remittances is not definitely shown, but it did not exceed $5,323.37. In addition, Woldert, when he returned, brought $7,022 in cash for which he accounted. This makes a total of $12,345.37 accounted for by Woldert as his receipts from sales while in Mexico. Pukli testified that when he returned from Mexico he left on hand stock valued at from $4,000 to $5,000. After his return he shipped six additional truck loads of supplies of the total value of $6,000 to $9,000. Taking the minimum valuation of supplies thus shown to have been received by Woldert, the court was warranted in finding that he received supplies valued at $10,000.

[4] Pukli further testified that Woldert brought back $300 or $400 worth of goods. Deducting from the $10,000 worth of goods received $400 worth returned would leave a balance of supplies valued at $9,600 which Woldert disposed of. There is evidence to support a finding that these supplies were sold at a gross profit of from 100 per cent. to 300 per cent. There was thus evidence which would warrant the trial court in finding that Woldert's gross receipts amounted to from $19,200 to $38,400. The amount of expense is not definitely shown, but it appears to have been slight. Assuming that the expense amounted to $1,000, which is a liberal estimate, there is thus evidence that Woldert's net receipts were from $18,200 to $37,400; whereas, he accounted for $12,345.37. There is thus evidence that Woldert failed to account for net cash receipts of a minimum of $5,855 and a maximum of $25,055. The judgment of the court in effect awarded Pukli $3,101.86; whereas, the evidence would have warranted a judgment for a greater sum.

[5] The settlement between the partners was made shortly after Woldert's return from Mexico, and Pukli testified that in making the settlement he relied upon Woldert's report of the sales made by the latter in Mexico, and appellant's contention is that fraud cannot be predicated upon such reliance because Pukli had full knowledge of the matter or means of obtaining such knowledge. Pukli was in El Paso and manifestly could not know definitely how much Woldert had received. Partners occupy a fiduciary relationship to each other. They have the right to repose confidence in one another and to rely upon statements made relative to partnership affairs. They are not required to deal with one another at arm's length respecting their partnership affairs. In Merriwether v. Hardeman, 51 Tex. 436, Justice Gould said:

"In reopening a settlement between partners alleged to have been procured by the fraud or mistake of the active managing partner trusted as such, equity will allow more latitude than in cases where no confidence is reposed. 1 Story's Eq. § 523, et seq.; Pars. on Part. 531."

It occurs to us that, in view of the partnership relationship existing between Woldert and Pukli, the latter had the right to rely upon the latter's statement of the amount of money realized in Mexico, and that the rule asserted in Ry. Co. v. Kisch (L. R. 2 H. L. 120), cited in Labbe v. Corbett, 69 Tex. 503, 6 S. W. 808, applies to the facts of this case with peculiar force. This rule is thus stated in the Labbe Case:

"When once it is established that there has been any fraudulent misrepresentation, * * * by which a person has been induced to enter into a contract, it is no answer to his claim to be relieved from it to tell him that he might have known the truth by further inquiry. He has a right to retort upon his objector: 'You, at least, who have stated what is untrue * * * for the purpose of drawing me into a contract, cannot accuse me of want of caution, because I relied implicitly upon your fairness and honesty.'"

In this connection, see, also, Smith on Fraud, § 60; 2 Pomeroy's Eq. (3d Ed.) § 891 et seq.

[6] And in any event we are of opinion that this court would not be warranted in setting aside the judgment of the lower court thus holding as a matter of law that under the evidence Pukli had no right to rely upon Woldert's statement in making the settlement.

[7, 8] Under the last assignment, complaint is made of the refusal of the court to grant a new trial on the ground of newly discovered evidence. It is assumed by appellant that the court charged against him items of supplies purchased from the James A. Dick Company, and the newly discovered evidence was to show that these supplies were not received by appellant. There is nothing to indicate that the court charged appellant with these

particular items. The evidence of the amount of supplies traced into appellant's possession is entirely independent of the matter referred to in the so-called newly discovered evidence. It consists of the testimony of Pukli that he left in Mexico $4,000 or $5,000 worth of supplies which Woldert received, and that he later shipped supplies valued at from $6,000 to $9,000. The newly discovered evidence probably would not have changed the result. If it had been material and the court had improperly charged appellant with the items referred to, the trial court doubtless would have corrected and reduced the amount of the judgment. Furthermore the proper diligence in the matter was not shown. The refusal of a new trial upon the ground of newly discovered evidence is a matter which rests largely in the discretion of the trial judge, and his action ordinarily will not be revised by an appellate court. Ry. Co. v. Sciacca, 80 Tex. 350, 16 S. W. 31. For the reasons indicated, this matter presents no error.

Finding no reversible error in the record as it is here presented, the judgment is affirmed.