**BLUCHER v. MEULY et al. (No. 6860.)**

(Court of Civil Appeals of Texas. San Antonio. Jan. 17, 1923. Rehearing Denied Feb. 7, 1923.)

**1. Bills and notes ⬳299—Indorser not discharged by holder's failure to bring suit where maker insolvent and residence unknown.**

Under Rev. St. art. 1843, where the maker of a note was insolvent and his residence unknown, the failure of a holder to promptly bring suit does not release indorser.

**2. Bills and notes ⬳301—Extension agreement made without indorser's consent releases him.**

An extension of a note made on a new and valid agreement based on a new consideration without knowledge or consent of the indorser releases him.

**3. Bills and notes ⬳299—Option to declare all of series of notes due for default in one does not affect requirement of timely suit to hold indorser.**

The requirement of timely institution of suit to fix indorser's liability was not affected, as respects notes maturing at different times, by the fact that only the holder had the option to declare them all due for default in payment of principal and interest, for although, in view of the option, the notes should be considered as one contract, yet this would not affect their respective maturities.

Appeal from District Court, Nueces County; W. B. Hopkins, Judge.

Actions by R. P. Blucher against C. Horacefield and others and by Margaret Meuly and others against C. Horacefield and others. From a judgment for plaintiffs, but discharging certain indorsers, plaintiff Blucher appeals. Affirmed.

E. B. Ward, of Corpus Christi, for appellant.

Boone, Pope & Savage, of Corpus Christi, for appellees.

COBBS, J. This was a consolidated suit and grew out of a land transaction and the material issue here is based upon a $2,000 note, one of a series of four vendor's lien notes each dated March 22, 1916, executed by C. Horacefield, payable to C. D. Cleveland; note No. 2, for the sum of $2,000 payable August 1, 1918; notes Nos. 3 and 4, for the sum of $1,000 each payable August 1, 1919, and August 1, 1920, respectively; and note No. 5, for $1,330.75, due August 1, 1921 —all bearing interest at the rate of 7 per cent. payable annually. The express vendor's lien was retained to secure their payment. The notes provide the usual clause that all the notes may be matured at the option of the holder, in case of default of the payment of principal or interest. These five notes

were on June 5, 1916, by an instrument in writing, transferred by Cleveland to H. G. Sherman. On the 12th day of August, 1916, by an instrument in writing, said four notes were transferred by H. G. Sherman and duly indorsed in blank to R. P. Blucher.

Each of said notes had the following indorsement thereon:

"For value received, I hereby sell, transfer, and assign to H. G. Sherman, without recourse on me. [Signed] C. D. Cleveland. [Signed] H. G. Sherman. Aug. 16, 1917, Int. pd. to 8/ 1/17; Aug. 24, 1918, Int. pd. to 8/1/18."

There were other outstanding prior vendor's lien notes secured on the same land in favor of Margaret Meuly and Amelia Meuly, who sued herein to recover judgment and foreclose their lien. They assigned their notes to Gus Noyes, and, as the notes are admittedly superior to all the other notes, it becomes unnecessary to discuss those notes.

The real controversy, reduced to its utmost from lengthy details to the simplest issue, is as to appellee's liability as indorser on the $2,000 note above described, being the second note.

The case was tried by the court without a jury, and the judgment was with foreclosure for appellant for the full amount of his notes against Horacefield, but no execution ordered, he being a nonresident, and against appellee Sherman for $4,758.39, the amount of the three remaining notes and interest thereon, but nothing in favor of appellant against appellee on account of his indorsement on the said $2,000 note. The judgment provided that the proceeds be applied if any to the second lien then be first applied to the three notes upon which it was held.

Sherman, appellee, was liable to Blucher, appellant, as indorser. Obviously the trial court held that appellee was discharged. In order to hold appellee on the indorsement, the appellee having pleaded his discharge, appellant pleaded that, after the note was transferred to appellant, A. Wayne Wood and A. C. Swanson, for a valuable consideration, agreed and obligated themselves to guarantee the payment of said two notes and to pay 10 per cent. interest after August 1, 1918, and that appellant's right as against the others would not be in any manner prejudiced, and that A. G. Swanson and A. Wayne Wood are liable for the payment thereof.

Appellant further alleged A. G. Swanson and H. G. Sherman represented to appellant that they and A. Wayne Wood had obligated themselves in consideration for the extension of the time of payment of one of the said notes to guarantee the payment of all the notes, and that, if such extension were made, it would not affect his liability of said notes, and upon such representations sought to recover

392 SOUTHWESTERN REPORTER (Tex.

against each one of them the payment of said notes, principal, interest, and attorney's fees, in addition to all other liabiity of the parties and each of them.

The defense to this was a denial that he made any extension agreement whatever, but that the extension agreement was made without his knowledge' or consent; that it was made for a valuable consideration paid and promised to be paid by said Wood and Swanson to appellant, and by reason thereof the time of the payment of the note was extended and the original contract changed, and the rate of interest increased, all without the knowledge or consent of appellee.

The agreement of extension is indorsed as follows on the note:

"Int. pd. to 8/1/18. By agreement this note is extended to August 1, 1919. I agree to pay interest at the rate of 10 per cent. per annum from August 1, 1918. [Signed] A. Wayne Wood, Trustee, by A. C. Swanson, Mgr. The note was payable on or about August 1, 1918, with 7 per cent. interest from August 1, 1916."

The proof is clear that the extension of the note was made, but as to whether it was done with appellee's knowledge or consent is a' disputed issue of fact. There was proof pro and con, but by the judgment of the court the issue was decided squarely in favor of appellee.

[1] It is contended by appellant because C. Horacefield, the maker of the note, was insolvent, and his residence unknown, and not a party to the suit by personal service, therefore under the authorities under such circumstances appellee, the indorser, was still liable on the note, and was not discharged for any reason, whether because of such extension without his consent or because released by failure to bring the suit in time.

It is true under such circumstances of insolvency the holder of the note may be excused from promptly suing. Revised Statutes, art. 1843; Hanrick v. Alexander, 51 Tex. 501; Burrow v. Zarr, 69 Tex. 476, 6 S. W. 783; Insall v. Robson, 16 Tex. 130; Toole v. Bank (Tex. Civ. App.) 168 S. W. 423; Bank v. De Morse (Tex. Civ. App.) 26 S. W. 417;

Patterson v. Walker (Tex. Civ. App.) 135 S. W. 612.

But there are other grounds upon which the judgment of the court may be sustained, fully supported by the testimony, and in the absence of special findings the judgment may be supported by the 'evidence upon other issues. Reed v. Brewer, 90 Tex. 144, 37 S. W. 418.

[2] There was evidence that the extension agreement was made without appellee's knowledge or consent, which, if true, would have sustained his plea of release from the first note. The trial court could have discharged him because it no doubt found from the evidence that the extension was made on a new and valid agreement based upon a new consideration without his knowledge or consent. Reed v. Brewer, 90 Tex. 144, 37 S. W. 418; Burke v. Cruger, 8 Tex. 67, 58 Am. Dec. 102; Zapalac v. Zapp, 22 Tex. Civ. App. 375, 54 S. W. 938; Baker v. Wahrmund, 5 Tex. Civ. App. 268, 23 S. W. 1023.

[3] Appellant contends that under the provisions of the several notes, all of equal dignity, the holder only had the option to declare them all due, and the indorser had no such right, and therefore all the series should be treated as one 'contract, and hence the statute that required the timely institution of the suit to fix the liability of the indorser did not apply, citing Patterson v. Walker (Tex. Civ. App.) 135 S. W. 612, in support of his contention.

Suppose the notes be considered as one contract, yet such contract provided that each of the several notes should mature at several different dates, and that disposes of that contention. If there were any fraud made as contended for by appellant, that question has been decided against him, and the judgment of the trial court will not be disturbed on his finding on that issue against the alleged fraud.

We find no error of law assigned committed by the court that should cause a reversal, and the evidence supports the issues of fact found by the trial court, and the judgment is therefore affirmed.