February 4, 1939

Hon. W. B. Sexton
County Attorney
Orange County
Orange, Texas

Dear Sir:

> No. O-197
> Re: Validity of a tax contract
>     with a person who is not a
>     lawyer

This is in answer to your letter of January 23, 1939, to Hon. Gerald C. Mann, in which you ask for our opinion on whether or not a contract between Orange County and R. B. DeWitt, under which Mr. DeWitt is to enforce the collection of taxes by suit or otherwise, is a valid contract in view of the fact that Mr. DeWitt is not an attorney at law. As we understand it, he has no license to practice law.

The contract recites at the beginning that the Commissioners' Court of Orange County deems it necessary "to contract with some competent person to enforce the collection of all delinquent state and county taxes for a per cent of said taxes", and that said Commissioners are of the opinion that R. B. DeWitt "is proper party to take such steps as may be necessary to enforce or assist in the enforcement of the collection of such delinquent taxes by the preparation, filing and pushing to a speedy conclusion all suits for the collection thereof": and the contract there recites in paragraph 1 that Orange County "agrees to employ and does hereby employ Second Party (R. B. DeWitt) to enforce by suit or otherwise...the collection of all delinquent state and county ad valorem taxes"; and paragraph III recites that R. B. DeWitt, who is referred to in the contract as Second Party, shall send all persons owing taxes statements and notices, and if their taxes "are not paid within thirty (30) days

from the date of such statements and notices are mailed, then Second Party (R. B. DeWitt) shall prepare, file and institute, as soon as practical thereafter, a suit for the collection of said taxes"; and paragraph VII provides that Second Party shall receive as compensation 15 percent of the amount collected under the contract; and paragraph XIII recites that "it is further understood and agreed that this contract is for personal services and is not transferable or assignable"; and finally it is provided in paragraph XIV of the contract "that where the county or district attorney shall fail or refuse to file and prosecute such suits in good faith, the attorney prosecuting suits under this contract is hereby fully empowered and authorized to proceed with such suits without the joinder and assistance of said county or district attorney." There are other provisions in the contract that we have not mentioned, but we do not deem it necessary for the purposes of this discussion to recite them.

The parties who entered into this contract evidently intended for it to come within the terms of Article 7335 of the Revised Civil Statutes of Texas, which reads as follows:

> "Whenever the commissioners court of any county after thirty days written notice to the county attorney or district attorney to file delinquent tax suits and his failure to do so, shall deem it necessary or expedient, said court may contract with any competent attorney to enforce or assist in the enforcement of the collection of any delinquent State and county taxes for a per cent on the taxes, penalty and interest actually collected, and said court is further authorized to pay for an abstract of property assessed or unknown and unrendered from the taxes, interest and penalty to be collected on such lands, but all such payment and expenses shall be contingent upon the collection of such taxes, penalty and interest. It shall be the duty of the county attorney, or of the district attorney, where there is no county attorney, to actively assist any person with whom such contract is made, by filing and pushing to a speedy conclusion all suits for collection of delinquent taxes, under any contract made as herein above specified; provided that where any district or county attorney shall fail or refuse

to file and prosecute such suits in good faith
he shall not be entitled to any fees therefrom,
but such fees shall nevertheless be collected
as a part of the costs of suit and applied on
the payment of the compensation allowed the at-
torney prosecuting the suit, and the attorney
with whom such contract has been made is here-
by fully empowered and authorized to proceed
in such suits without the joinder and assist-
ance of said county or district attorneys."

In this case Mr. DeWitt has clearly contracted to
practice law. The practice of law is defined by the laws of
this state, and it is made a criminal offense for a person
to practice law if he is not a member of the bar regularly
admitted and licensed to practice. This is set out in Art.
430a of the Penal Code of Texas, which reads in part as fol-
lows:

"Sec. 1. It shall be unlawful for any
corporation or any person, firm, or associa-
tion of persons, except natural persons who
are members of the bar regularly admitted and
licensed, to practice law.

"Sec. 2. For the purpose of this Act,
the practice of law is defined as follows:
Whoever (a) in a representative capacity
appears as an advocate or draws papers,
pleadings, or documents, or performs any
act in connection with proceedings pending
or prospective before a court...

"Sec. 6. Any person, firm, corporation
or association of persons violating any of
the provisions of this Act shall be guilty
of a misdemeanor. If any provision of this
Act is violated by any person individually
or by any person or persons representing a
corporation, or association, or by a corpora-
tion, the defendant or defendants upon con-
viction shall be punished by a fine of not
more than Five Hundred ($500.00) Dollars nor
less than One Hundred ($100.00) Dollars.

"Sec. 7. Any agreement by any person,
corporation, or association in violation of
this Act shall be illegal...

"Sec. 8. All laws and parts of laws in-
consistent herewith are hereby repealed..."

If there are any irreconcilable conflicts between the first quoted statute, Article 7335 R. C. S., which went into effect in 1923, and the last quoted statute, Art. 430a P. C., which went into effect in 1933, the latter act will control because of the provision in Sec. 8, and also because the courts hold that in such cases the most recent act must prevail. Townsend vs. Terrell, 118 Tex. 463, 16 S. W. (2d) 1063; Citizens' Nat. Bank vs. Del Rio Bank & Trust Co., 11 S. W. (2d) 242; and Ragazine vs. State, 47 Tex. Cr. R. 46, 84 S. W. 832.

In the contract in question Mr. DeWitt is to "prepare, file and institute... suit" for the taxes and this can only be construed to mean that he is to draw pleadings and perform acts in connection with proceedings pending or prospective before a court; and under the definition set out in Article 430a P. C. this is practicing law, and the practice of law by any one who is not regularly licensed, such as Mr. DeWitt, is forbidden and made unlawful. Therefore, as this contract calls for the performance of an unlawful act, it is illegal and void. The rule is stated in Featherston vs. Boxberger, 255 S. W. 998, as follows:

> "The law is that a promise made in consideration of an act which is forbidden by law is void; put in a different way, a contract is illegal, if it violates a constitutional statute or ordinance, or if it cannot be performed without the violation of such statute or ordinance."

The same rule is expressed in Hennessy vs. Automobile Owners' Ins. Assn. (Tex. Comm. App.), 282 S. W. 791, 46 A.L.R. 521; Texas Employers' Insurance Association vs. Tabor (Tex. Comm. App.) 283 S. W. 779; First National Bank vs. Neil (Tex. Comm. App.), 10 S. W. (2d) 408; and many other cases.

No Texas case, as far as we can find, has arisen in which a person who is not a licensed attorney at law has contracted to practice law or perform legal services; but that question was discussed and decided by the Supreme Court of Oklahoma in the case of Crawford vs. McConnell, 173 Okla. 520, 49 Pac. (2d) 551, in which a person who was not licensed to practice law had entered into a contract with certain parties to "audit and investigate taxes assessed against" said parties and "to collect any illegal tax, and... to employ attorneys to bring suit... for the recovery of... said taxes"; and the court held that this amounted to a contract to practice law and as the practice of law by unlicensed persons was forbidden that such a contract was illegal, and in so holding

the court said:

> "It is elementary and fundamental law that courts will not enforce or aid in the enforcement of, a contract made in violation of law, and relief may properly be refused, even though the invalidity of the contract is not set up as a defense...

> "The contracts upon which the plaintiff relies are asserted to be illegal on the theory that by their context the plaintiff, though not an attorney, has bound himself to engage in the practice of law.

> "In this state, as elsewhere, the practice of law is governed by statute, and elaborate machinery has been established for the purpose of determining the qualifications of those who seek to serve the public in a professional capacity. The practice of law by one who has not established his qualifications in the manner prescribed by law is forbidden. Section 4087, C. O. S. 1921; section 4255, O. S. 1931. The ultimate and primary purpose of such statutes is to protect the public. They undertake to maintain a standard of qualifications for those who hold themselves out to advise or assist others in the protection and preservation of their legal rights. The execution of a contract which has for its purpose the performance of an act forbidden by law is illegal. Thus a layman cannot properly bind himself by contract to perform an act which can only be performed by a licensed attorney, nor can he obligate the other party to the contract to pay him compensation for the performance of such an act. 13 C.J. 424...

> "...Clearly, we think the plaintiff by his contract undertook to perform a type of service which could only properly be performed by one who had demonstrated his qualifications by obtaining a license to practice law."

As appears in the case just quoted, the law in Oklahoma as to the validity of contracts to violate the law is the same as it is in Texas, and no doubt the Texas courts would make the same holding under the same circumstances.

The courts of Texas have consistently abhorred the practice of unlicensed persons appearing as attorneys in court, but if Mr. DeWitt carried out his contract in this case he would have to appear in court. In the case of Harkins vs. Murphy & Bolanz, 112 S. W. 136, in which it was held that an agent could not act as attorney in court for his principal, the Court of Civil Appeals at Dallas, quoting from a Michigan case, said:

> "Attorneys are licensed because of their learning and ability, so that they may not only protect the rights and interests of their clients, but be able to assist the court in the trial of the cause. Yet what protection to clients or assistance to courts could such agents give? They are required to be of good moral character, so that the agents and officers of the court, which they are, may not bring discredit upon the due administration of the law, and it is of the highest possible consequence that both those who have not such qualifications in the first instance, or who having had them have fallen therefrom, shall not be permitted to appear in courts to aid in the administration of justice."

In the case of McAllen vs. Raphael, 96 S. W. 760, the Court of Civil Appeals at San Antonio said that if the only signer of a pleading in a district court was a person who was disqualified to sign as an attorney that such a pleading should be "treated by the trial judge as a nullity."

It has been suggested that perhaps the contract is not illegal because Mr. DeWitt might employ an attorney to go into court and do the legal work for him; but this subterfuge cannot be resorted to for two reasons, first, because the contract specifically says that it "is for personal services and is not transferable or assignable", and, second, because if it is unlawful for a man to do a thing directly it is also unlawful for him to do it through an agent or employee indirectly, as is so aptly stated in reference to practicing law in the case of Cain vs. Merchants Natl. Bank & Trust Co. of Fargo (Sup. Ct. of N. Dak.), 268 N. W. 719, as follows:

> "Since it has no right to practice law directly, it cannot do so indirectly by employing a licensed attorney to practice for it, as that would be a mere evasion of the law."

It has also been suggested that if this contract is illegal as to those parts that require Mr. DeWitt to practice law, that the balance of the contract should be allowed to stand, but we feel that the whole contract should fall because of the rule stated in the case of Hendricks vs. Wall, 277 S. W. 207, as follows:

"...A contract, based upon more than one consideration, any one of which is unlawful, whether violative of a statute or the common law, is not divisible so that one of its provisions may be enforced, but the contract as a whole is unenforceable and void."

This rule had been previously laid down by the Supreme Court of Texas in the cases of Kottwitz vs. Alexander's Representatives, 34 Tex. 689; Reed vs. Brewer, 90 Tex. 144, 37 S. W. 418; and several other cases.

Before closing we will consider the opinion of the Court of Civil Appeals at Fort Worth in the case of Slimp vs. Wise County, 96 S. W. (2d) 540, which we do not think can be relied on as a contrary authority to our view. In that case a contract for collection of delinquent taxes had been made between Wise County and Jeff Fox, and the contract was attacked on the ground that Fox was to perform the work of an attorney at law but was not licensed as an attorney. However, the case does not show that the contract had any specific provision in it for Fox, or any other unlicensed person, to do acts constituting the practice of law, and we find this significant language in the decision:

"...We do not construe the provision for the employment of an attorney at law for the purposes mentioned to mean that under proper conditions no other kind of person than an attorney at law could be employed. The several legislative enactments herein cited were intended to aid the commissioners' court of the several counties to enforce the collection of delinquent taxes, but in no way to interfere with the very broad powers of discretion given them in matters over which they have jurisdiction, such as the enforced collection of delinquent taxes."

"...The county attorney waived the thirty days' previous notice, but did not then, nor did he ever, insofar as the record shows, fail

> or refuse to file and prosecute suits to enforce
> the collection of delinquent taxes,  It is made
> his duty to perform this service, and we hold
> that from the wording of the statute, until he
> shall have failed or refused to file and prose-
> cute such suits, the necessity of the employ-
> ment of another attorney for that purpose has been
> obviated, and the court is left to employ any
> suitable person deemed competent to do the
> things encumbent upon him under the provisions
> of the several cumulative acts so passed by the
> Legislature to aid in the enforcement of the
> collection of delinquent taxes."  (Underscoring
> ours)

It is apparent from this language that the court did not consider that the contract called for or contemplated that Fox was "to file and prosecute suits", but he was only "to aid in the enforcement of the collection of delinquent taxes."  This is clearly shown in the language of the above quotation where it says:  "the county attorney...did not... fail or refuse to file and prosecute suits..., and we hold that from the wording of the statute, until he shall have failed or refused... the necessity of the employment of another attorney for that purpose has been obviated."

In the Wise County case the contract did not provide that Fox was to "prepare, file and institute...suit" and was "to enforce by suit", but in the case we are considering the contract does provide that Mr. DeWitt is to do those things.

Our answer to your question is that the contract between Orange County and R. B. DeWitt, which you submitted to us, is illegal and void because Mr. DeWitt is not an attorney at law.

Very truly yours

ATTORNEY GENERAL OF TEXAS

(Sgnd.) Cecil C. Rotsch

By

Assistant

CCR-MR

APPROVED:

(Sgnd.) Gerald C. Mann

ATTORNEY GENERAL OF TEXAS