J. R. DAVIS, Appellant,

v.

O. D. GRAY, Appellee.

No. 15902.

Court of Civil Appeals of Texas.

Fort Worth.

April 11, 1958.

Paul O. Wylie, Archer City, and Kenneth Johnson, Wichita Falls, for appellant.

Howard L. Martin, Wichita Falls, for appellee.

MASSEY, Chief Justice.

Suit for damages was brought by appellant Davis against appellee Gray, the allegation being that appellant was defrauded and fraudulently induced to purchase appellee's one-third interest in an oil field equipment mercantile business for the sum of $8,000. The parties were partners for approximately eleven months prior to date of the purchase, and the partnership dissolution was involved as an incident of the purchase.

Trial was to the court without intervention of a jury, following which a "take nothing" judgment was entered. Appellant has brought forward the appeal without findings of fact or conclusions of law, but with a statement of facts.

We are of the opinion that the judgment should be affirmed.

Under the condition of the record before us, we are of course required to view the evidence in the light most favor-

## 530

able to the appellee and to assume that the trial court found all issuable facts raised by the evidence in such manner as to support the judgment. The issue is raised on appeal that the findings of fact on the part of the trial court, as necessarily made despite the fact no written findings appear in the record, are against the greater weight and preponderance of the evidence. We are of course required to review all the evidence in the test of the validity of such complaint, but we also must remember that the "findings" of the trial court actually here amounted to a "refusal to find" actionable fraud as alleged by appellant and that appellant carried the burden of proof thereupon and as to damages resulting therefrom. In order for fraud to constitute a cause of action it must be clearly established, and where the evidence in the record does not necessarily or naturally or reasonably tend to that conclusion to the exclusion of a conclusion of something other than fraud, it could never be said that the trial court's "refusal to find" in accord with the contention of the complainant is against the greater weight of the evidence.

 Bearing in mind the elements of actionable fraud (see 20–A Tex.Jur., p. 19, "Fraud and Deceit," sec. 7, "Elements Necessary for Actionable Fraud") and the matter of issues, proof, variance and evidence (see 20–A Tex.Jur., pp. 209–235, secs. 110–125), we have reviewed the entire record in the test of all points on the appeal. We have of course remembered that the parties were partners, owing to one another the obligations of that fiduciary relationship as of the very time appellee sold his interest therein to appellant. Having completed such review we are convinced that reversible error does not appear. While we might have arrived at a conclusion different from that of the trial judge who sat as a trier of the facts, nevertheless he was justified in the conclusion made upon the trial and his decision and judgment was not such as would justify our holding that the same was against the greater weight of the evidence.

An exhaustive review of the facts and circumstances giving rise to the controversy between the parties and of the evidence introduced upon the trial would unduly lengthen this opinion and serve no useful purpose in view of this decision.

Appellant has cited us to the opinion in the case of Woldert v. Pukli, Tex.Civ.App. El Paso 1920, 221 S.W. 1112, writ dism. He asserts that the facts and circumstances passed upon by the court are near-identical to those in the instant controversy, and that the decision of that case should control our own. However, appellant overlooks the salient fact that in the case cited the party asserting actionable fraud against his partner prevailed in the trial court. Here the party asserting such fraud lost in the trial court. There the appellate court was viewing the record in the light most favorable to the party asserting fraud. Here we view the record in the light most favorable to the party against whom fraud is asserted. Other authorities to which we are cited are distinguishable in analogous manner.

Judgment is affirmed.