## L. OHLSEN v. M. H. WILSON.

### Decided January 10, 1903.

**Contract—Illegality—Gambling Device—Public Policy.**

Where an article is designed and manufactured to be used exclusively for illegal purposes, such as a gambling box device, and the seller knows of the use intended for it, the courts will refuse, on grounds of public policy, to lend aid in the recovery of the purchase price.

Appeal from the District Court of Dallas. Tried below before Hon. Thos. F. Nash.

*J. C. Patton,* for appellant.

*Ellison & Cohron,* for appellee.

RAINEY, CHIEF JUSTICE.—Ohlsen sued to recover for the value of a certain metal box with many attachments, etc., which he alleged he was employed to make for M. H. Wilson, and he sought also to recover of C. O. Hodges on the ground that Wilson had placed with said Hodges certain tools to hold as collateral security, and which the said Hodges had wrongfully returned to said Wilson.

The evidence showed that the box manufactured by Ohlsen was a trick faro box especially designed for gambling purposes, the mechanism of which enabled the user to manipulate the cards in favor of the exhibitor of the game and against those who bet at said game, all of which was known to Ohlsen.

The vital point in the case is raised by the charge of the court wherein the jury were instructed, in effect, that if Ohlsen constructed for defendant Wilson the box, knowing the same was intended to be used exclusively as a gambling device he could not recover. The proposition is advanced that in order to prevent plaintiff's recovering he must not only have known the illegal use for which the box was intended, but also that his pay was to be derived from the illegal gains derived from the illegal use thereof. That such would prevent his recovery is settled by our Supreme Court. Reed v. Brewer, 90 Texas, 144. But where the seller knows of the illegal use to which the article sold is to be put, but does not expect or know that his pay is to come through such illegal use, the question does not seem to be settled. This is especially so where the article is one of legitimate commerce. In the case of Reed v. Brewer, supra, our Supreme Court pretermitted the question. In Hanover v. Doane, 12 Wall., 342, the court said: "The whole doctrine of avoiding contracts for illegality and immorality is founded upon public policy. It is certainly contrary to public policy to give the aid of the courts to a vendor who knew that the goods were purchased, or to a lender who knew that his money was borrowed, for the purpose of being employed in the commission of a criminal act injurious to

society or to any of its members." Whatever may be the true rule where the vendor sells an article which is not designed for illegal purposes, but knows when he sells that such is to be used for such purposes, we are of the opinion that where an article is designed and manufactured to be used exclusively for illegal purposes, and the seller knows it, the courts ought not to lend aid in the recovery of the purchase price. Ohlsen is placed in this attitude by the evidence, and he is not entitled to relief.

The judgment is affirmed.

*Affirmed.*