## HAFALE v. CANFIELD MANUFACTURING CO.   (No. 1704.)

(Court of Civil Appeals of Texas. El Paso. Feb. 12, 1925.)

1. **Appeal and error ⬤═850(4)—Trial ⬤═388 (4)—Appeal considered on agreed facts disregarding findings of fact made by court.**

In view of Rev. St. art. 1949, where case was tried on agreed facts, findings of fact by court are without authority, and appeal will be disposed of upon agreed facts.

2. **Gaming ⬤═17(1)—Recovery held defeated by illegality irrespective of ability to prove case without resort to unlawful feature.**

In action to recover value of goods delivered to be sold on commission, where seller was party to purpose to dispose of them by gambling device, it cannot recover value of goods irrespective of ability to prove case without resort to unlawful feature.

3. **Gaming ⬤═17(1)—Recovery for goods delivered to be disposed of by punch boards denied for illegality.**

Where, in action to recover value of goods sold, it appeared that it was intention of plaintiff that defendant dispose of goods on commission by gambling devices known as punch boards, which defendant furnished, illegality *held* to defeat recovery.

Appeal from Eastland County Court at Law; J. H. Jones, Judge.

Action by the Canfield Manufacturing Company against E. G. Hafale. From a judgment for plaintiff, defendant appeals. Reversed and rendered.

J. L. Alford, of Rising Star, and J. Lee Cearley, of Cisco, for appellant.

Grisham Bros., of Eastland, for appellee.

HIGGINS, J. Appellee brought this suit to recover of appellant the sum of $180 alleged to be due upon open account for goods, wares, and merchandise delivered to defendant to be sold on a commission basis, it being alleged that the defendant agreed to remit 60 per cent. of the selling price and to return the goods if same were not sold; that the defendant had failed to remit any part of the purchase price and refused to return any of the goods.

The defendant answered as follows:

"That the list of articles included in the sworn account filed herein is approximately correct, but that the same were shipped to him, on a commission basis, not to be sold in the course of trade, but to be given away in connection with a punch board, that the same was a gambling device, and the sheriff of said county would not permit him to sell said punch board out, as it was a gambling device, forbidden by the laws of this state. Therefore the contract entered into by plaintiff with defend-

ant herein was a contract to violate the laws of this state, and is not enforceable; same being an illegal contract and which the courts do not enforce."

The goods were delivered to the defendant under a written contract which reads:

"Canfield Manufacturing Co.

"4003 Broadway        Chicago, Ill., 3/31/22.

"Please ship me one No. 49 assortment. Price, $300.00, less 40%, $180.00. Express prepaid, Apr. 4, 1922.

"Terms: If at the end of 45 days I am unable to dispose of this merchandise, the Canfield Mfg. Co. will take back such unsold goods, as I may have on hand and I will pay them for all goods sold or returned.

"No salesman has authority to collect money or goods, or make settlement of this account.

"Oil Center Pharmacy,
"By E. G. Hafale, Pres.

"City, Pioneer; state, Texas; county, Eastland; shipping point, Pioneer."

The goods are thus described in the account attached to the plaintiff's petition:

"One assortment No. 49...................... $180 00
   "Consisting of:
4 7-jewel gold-filled watches.
2 gold-filled knife and chain sets.
2 gold-filled cigar cutters charms.
1 $10.00 check enclosed in watch fob.
1 high-grade camera.
4 watch fobs, with $2.00 check inclosed.
1 $10.00 gold-plated Gillette razor.
4 watch fobs with $5.00 check inclosed.
2 gold-filled pocket knives.
1 high-grade Gillette shaving outfit.
2 Redmanol pipes in cases.
1 beautiful Elgin watch.
   Balance due ........................... $180 00"

The case was tried upon agreed facts which are sufficiently indicated in the opinion. Judgment was rendered in the plaintiff's favor for the sum sued for.

[1] There appears in the transcript findings of fact and conclusions of law by the trial court. So far as concerns the findings of fact the trial court was without authority to make any finding not conforming to the facts as agreed to by the parties and upon which the case was tried. Article 1949, R. S.; Railway Co. v. Scott, 60 Tex. Civ. App. 482, 129 S. W. 1170. Therefore the disposition of the appeal will be made upon the facts as they were agreed to by the parties.

In support of the judgment appellee cites authorities which uphold recoveries upon contracts which were merely incidentally, or collaterally, connected with illegal transactions, and which hold that in such cases the test is whether the plaintiff requires any aid from the illegal transaction to establish his case. For examples of cases of this character see Oliphant v. Markham, 79 Tex. 543, 15 S. W. 569, 23 Am. St. Rep. 363; Floyd v. Patterson, 72 Tex. 202, 10 S. W. 526, 13 Am. St. Rep. 787; Willard v. Knoblauch (Tex. Civ. App.) 206 S. W. 734.

Appellee also cites cases which recognize the rule that in fully executed illegal contracts where new rights or titles have resulted from such execution the courts will protect and enforce the new rights and titles thus created. Hall v. Edwards (Tex. Com. App.) 222 S. W. 167; Fred Miller Brewing Co. v. Coonrod (Tex. Civ. App.) 230 S. W. 1099.

But the present case does not fall within the doctrine of any of the above-mentioned authorities.

[2, 3] This suit is to recover the value of goods delivered to the appellant to be sold upon a commission basis. According to the defendant's theory, the sale was to be made by means of a gambling device, and, if the plaintiff was a party to the purpose to dispose of the goods in that unlawful manner, it cannot recover, and it is wholly immaterial that it has so concealed its connection with the unlawful transaction that it can prove its case without resort to its unlawful feature. The defendant may plead and prove the true facts and defeat recovery. Reed v. Brewer, 90 Tex. 144, 37 S. W. 418; Wiggins v. Bisso, 92 Tex. 219, 47 S. W. 637, 71 Am. St. Rep. 837.

It is a matter of common knowledge that the punch boards, such as the defendant's answer and the agreed facts refer to, are nothing but gambling devices. This device was furnished by the plaintiff to the defendant at the same time the goods were delivered. According to the plaintiff's pleadings the defendant was to sell the goods for it, and the conclusion is inevitable from the agreed facts that the plaintiff intended the device to be used in the disposition by the defendant. The very nature of the articles delivered show this. Who ever heard of watch fobs containing checks for $2, $5, and $10 being disposed of in the way in which goods are ordinarily disposed of at retail? Nobody.

It is immaterial that the plaintiff after the delivery of the goods acquired no knowledge that the board had been in fact used in the disposition of the goods and did not consent thereto; nor is it material that the plaintiff had no actual knowledge of what use the defendant would make of the board. The material question is the previous intent with which the board was furnished and the use in fact made of it in the disposition of the goods.

The character of the goods furnished, particularly the watch fobs, and the fact that the gambling device was delivered with the goods, show conclusively that the plaintiff contemplated the sale of the goods by the defendant in an illegal manner, and so connects it with the unlawful transaction that it cannot recover the purchase price. The case is very similar to Ohlsen v. Wilson, 31 Tex. Civ. App. 178, 71 S. W. 768, where it was held that one who manufactures and sells

an article designed to his knowledge exclusively for gambling cannot recover the purchase price from one to whom he has sold it.

Reversed and rendered.