**STRAWN INDEPENDENT SCHOOL DIST.**
**v. STUART et al. (No. 580.)**

Court of Civil Appeals of Texas. Eastland.
Sept. 27, 1929

Rehearing Denied Nov. 22, 1929.

Chandler & Chandler, of Stephenville, and Hiner & Pannill, of Fort Worth, for appellant.

P. C. Sanders, of Strawn, and J. T. Ranspot and Ritchie & Ritchie, all of Mineral Wells, for appellees.

HICKMAN, C. J. Appellant's suit was brought to recover delinquent taxes for the years 1914 to 1925, inclusive, against the lands of appellees, described in the petition, and for a foreclosure of a tax lien thereon. Appellees, in their answer, set up several defenses, some of them calling into question the validity of a special act of the Legislature of 1913, creating the district or enlarging the original district so as to include their lands. One of the grounds for attacking the constitutionality of the act was that its subject was not expressed in its title. Another ground was that, by its express terms, the act sought to transfer to the new district the special taxes and bonded and other indebtedness of the old district, in violation of article 7, § 3, of the Constitution. By their cross-action appellees sought an injunction against appellant, its officers and their successors, enjoining any future levy or attempt to collect any taxes upon their lands. In its supplemental petition, in reply to the answer of appellees, the appellant set up allegations of fact, alleging, in substance, that from and since the passage and approval of the special act of the Legislature attacked by appellees it had been exercising all the powers and authority of an independent school district within the boundaries set forth in the special act; that during said time it had maintained a public free school, and had regularly elected a board of trustees; that it had voted bonds, which had been sold and were outstanding; that by a vote of the qualified voters of the district it had levied a maintenance tax. It further alleged that out of the proceeds of the said bond issues it had erected within its boundaries school buildings, had acquired school grounds and purchased other property; that the acts of said district as a municipal corporation, so organized for free school puposes only, had been at all times fully recognized by the executive department of the state of Texas, acting by and through its Attorney General, superintendent of education, comptroller of public accounts, and treasurer; that during all those years no attack had been made by appellees or any other person upon the corporate existence of said district, nor of its right to exist and function within the boundaries prescribed by the special act. Allegations were made that the appellees had recognized the validity of said district; that they had voted at elections held in said district for the purpose of deciding whether it should issue its bonds, and had voted at elections held for the purpose of electing trustees and for the levy of a maintenance tax; that they had contracted with said district and its trustees in their official capacity, and had loaned money to said district. Other facts are pleaded, seeking to set up an estoppel against appellees. All of these allegations are denied by appellees in their supplemental answer.

When the case came on for trial in the court below, the attorneys for the respective parties entered into an agreement, reduced same to writing, and filed the same among the papers of the case. This agreement was as follows:

"Now come the parties in the above styled and numbered cause together with their attorneys and in open court hereby agree to submit this case to the court for decision and judgment upon the following agreed statement, to-wit:

"That should the Court hold that the Act of the Legislature of 1913, Chapter ———, page ———, entitled an act to re-define the boundaries of the Strawn Independent School District and to validate said District and declaring an emergency be held by the Court to be unconstitutional and void then the Court shall enter judgment that the Plaintiff take nothing by its said suit and that the defendants recover of and from the plaintiff and be awarded a writ of injunction permanently enjoining from levying or assessing any further taxes for any future years on the property of the defendants set out and described in Plaintiffs petition and declaring all previous assessments by plaintiff on said property to be void. But, on the other hand, if the Court should find said act of the legislature to be valid that then the court shall render judgment in favor of plaintiff and against the defendants for the amount of the taxes set out in supplemental roll compiled by the assessor and collector of Strawn Independent School District showing properties assessed by the Assessor by order of the board of trustees for the years shown therein and certified to by C. E. Maxwell, assessor for school district taxes for Strawn Independent School District and dated July 16th, 1927, with the following exceptions and modifications. That in the event the Court renders judgment for the plaintiff under this agreement that the assessment for the year 1919 as shown in said supplemental roll and for the year 1920 as shown in said supplemental roll shall be based on the valuation as assessed for the year 1921 as shown in said roll. And that no judgment shall be rendered in favor of the plaintiff in the event judgment is rendered for the plaintiff for any penalties as shown by said supplemental roll nor for interest prior to August 1st, 1927, and that no judgment shall be rendered for attorneys fees. A copy of said supplemental assessment roll is attached hereto and made a part hereof for the purpose only of showing the amount of taxes for which judgment shall be rendered in favor of the Plaintiff in the event judgment is rendered for the plaintiff under this agreement. In the event judgment is rendered for plaintiff said judgment shall also be for the plaintiff's lien for taxes on the property described in Plaintiff's petition. The parties hereto respectively reserve the right to appeal from the judgment entered under this agreement.

"This Oct. 9, 1928.

"Chandler & Chandler,
"Hiner & Pannill,
· "Attorneys for Plaintiff.
"P. C. Sanders,
"Geo. M. Ritchie,
"Ritchie & Ranspot,
"For Defendants."

No evidence appears to have been introduced upon the trial of the cause, and no statement of facts, therefore, accompanies this record. The judgment of the court recited that, by agreement of the parties then and there made in open court, the decision of the cause was submitted to the court on the sole issue of the constitutionality and validity of the act of the Legislature above mentioned. Considering only the language of the act, without reference to any facts whatever, and acting alone upon that agreement reduced to writing, the trial judge was of the opinion that the act was unconstitutional. Accordingly, appellant took nothing by its suit, and its officers, agents, and servants were permanently enjoined and restrained from levying, assessing, and collecting, or attempting to levy, assess, and collect, any taxes upon the said land and premises.

We know of no authority for presenting a cause to a court in this manner. By article 2177, Rev. St. 1925, it is provided that parties may· submit matters in controversy to the court upon an agreed statement of facts filed with the clerk, and that judgment shall be rendered on such agreement, but the agreement signed by the attorneys for the respective parties in this cause is not an agreement regarding the facts, but is, in effect, an agreement as to the law. By their agreement they state to the court, in substance, that they have determined the facts, the legal effect thereof, and all of the law questions involved except one, and that the court may enter judgment for or against plaintiff, based solely upon its determination of one abstract question of law, independent of any facts.

██ Able counsel representing the respective parties on appeal are wholly unable to agree on the effect of their agreement. It is insisted by appellant that, by entering into the agreement, appellees agreed that the allegations of fact contained in its petition were true. The brief impliedly recognizes the necessity for some character of a determination of the facts pleaded. On the other hand, appellees claim that, since the case is here without a statement of facts, it is our duty to presume the existence of such facts as are necessary to support the judgment of the trial court. They also seem to recognize the necessity of a determination of the facts in order to support the judgment. It is our view that we cannot regard the fact allegations of either party for any purpose, and that we cannot indulge in any presumption that facts exist supporting the judgment, because the record clearly shows that the case was submitted solely upon the agreement above copied. The judgment does recite that all matters of fact, as well as of law, were submitted to the court, but in the same sentence it recites that by agreement of parties the decision was submitted on the sole issue of the constitutionality and validity of the special act. The agreement referred to in the judgment appearing in the transcript duly signed by counsel, we

think it evidences the purpose to submit the case under the provisions of article 2177, Rev. St. 1925, and the rules established in construing that article should apply. When a cause is submitted in that manner, findings of the court are disregarded. Hafale v. Canfield Mfg. Co. (Tex. Civ. App.) 268 S. W. 986.

■ That agreement is wholly insufficient to warrant a court in entering any character of judgment thereon. Attorneys have the authority to agree on facts. They also have authority to agree on procedural steps in the course of a trial, but it is purely and solely the function of a court to determine the law and the effect to be given the facts of a given case, and, agreements of counsel with reference thereto have no binding force. This question is discussed by the Commission of Appeals in the case of Reynolds v. McMan Oil & Gas Co. (Tex. Com. App.) 11 S.W.(2d) 778. The question this court is authorized to review is, under the facts of this case, Were the appellees entitled to a judgment against appellant in the suit brought by appellant? Unless the court has the facts for its consideration and determination, it cannot decide that question. It is not the function of a court to decide abstract propositions of law, but to protect the rights of litigants in cases properly before it on a given state of facts, either agreed to or established upon trial.

One of the principal contentions here is that the attack of appellees is, in substance and effect, a collateral attack upon the existence of the appellant school district, and that, under the facts pleaded, only the state, if any one, could make such attack. We do not think it necessary to determine here the question of whether the facts with reference to long user, recognition by the state, and issuance of bonds, etc., would preclude appellees from making an attack upon the validity of the district, but that such facts do enter into a decision of such question is clearly apparent from reading such cases as City of El Paso v. Ruckman, 92 Tex. 86, 46 S. W. 25; Harbin Independent School District v. Denman (Tex. Com. App.) 223 S. W. 538; Molyneaux v. Amarillo Independent School District (Tex. Civ. App.) 277 S. W. 185 (error refused), Willamar Independent School District v. Lyford Independent School District (Tex. Civ. App.) 8 S.W.(2d) 239.

To express an opinion on the effect, if any, to be given to an imaginary group of facts not before us would be but to render an advisory opinion on a speculative question, which courts properly decline to do. Our view is that, if the actual facts, relationships, and surroundings should disclose that appellees are not entitled, as a matter of law, to the relief granted them by the lower court, then that relief should be denied them, and that neither the court below nor this court would be authorized to enter a judgment on the merits on its views upon an abstract question of law dissociated from the facts. This notwithstanding the agreement above set forth.

■ The instant case illustrates well the wisdom of the rule that courts will not decide abstract questions of law and enter judgments thereon. If the facts are, as alleged by appellant, that bonds have been voted, issued, approved, and are outstanding against this district, and the bondholders should bring suit thereon seeking, in connection therewith, a mandamus against the trustees, compelling them to levy, assess, and collect taxes against the very lands involved in this suit, to pay off said bonds, and if the injunction granted in the instant case should be continued in force, confusion would certainly arise should the bondholders be successful in their suit. The judgment in the instant suit would not be res adjudicata to the bondholders' suit, and the trustees might find themselves enjoined in one suit from levying and collecting the taxes and compelled by mandamus in another suit to levy and collect them.

The case should be tried, either upon an agreed statement of facts or upon, facts developed upon the trial, so that an adjudication of the rights of those parties may be had. This result can be accomplished only by reversing the judgment of the trial court in all things and remanding the cause for a new trial.

Since the parties share equally in the responsibility of preparing the record for the trial court and for this appeal, we think it would be inequitable to tax all the costs of this appeal against the appellees. Particularly is this true when the judgment of the trial court was probably correct on the abstract question presented. The costs of appeal will therefore be divided equally between the parties.

Reversed and remanded.

### On Rehearing.

We have before us motions for rehearing by both parties. Neither party agrees with the conclusion expressed by the court in the original opinion that no authority exists for presenting a case to the court in the manner in which this case was presented. A careful reconsideration of the matter leads us to the conclusion that, conceding the stipulation of counsel as an agreement as to the facts, our problem is not aided thereby, because it cannot be construed as an agreement on certain essential facts necessary to enable us to pass intelligently on the question presented. If the stipulation be construed as an agreement on the fact that appellees owned property within the limits of the appellant school district, that appellant has duly assessed the property for taxation, and levied a tax thereon for a purpose for which school districts are authorized under the law to levy taxes, and that no facts exist which would consti-

tute a defense to appellant's cause of action, provided the special act under attack is constitutional, still it is insufficient to form the basis of a judgment.

Only one question is before us, and that is the construction of a certain act of the Legislature. The admitted facts above enumerated throw no light upon that question. One of the main contentions of the appellees is that the caption of the act is misleading and deceptive. The caption is as follows:

"An Act to redefine the boundaries of Strawn Independent School District, to validate the incorporation thereof, and declaring an emergency." Sp. Acts 33d Leg. c. 122.

That caption may or may not be misleading and deceptive, according to the facts. To our minds the caption indicates that the act was purely a curative or validating act to make certain the boundaries of the district as same had theretofore existed. It suggests to our minds that, because of a miscall, or some other error in the original incorporation, there was a question as to the validity of the Strawn independent school district, which created an emergency calling for the redefining of the boundaries. If, under such caption, a new school district was attempted to be created, including lands remote from the original district, and there was no deficiency in the boundaries of the original district as it existed, there is a substantial basis for the contention that the caption was misleading and deceptive. But if, on the other hand, it was intended by the original field notes to include within the original district the lands of appellees, and through some error in the callings, or otherwise, such lands were omitted therefrom, and the act under construction was passed to make certain what was intended to be done under the original act of incorporation, the caption could not be held misleading or deceptive. There is nothing in the body of the act itself which furnishes any facts, and we know of no way to determine this question without knowing the facts as they existed at the time the act was passed.

Another ground of attack was that the act spread out over the new district an indebtedness of the old. We do not know how to pass upon this contention without knowing the facts. There is nothing in this agreement to apprise us that there was any outstanding indebtedness of the original district to be spread out. If, in fact, there was no outstanding indebtedness of the original district, then it could not be said that the section of the act providing for the assumption thereof was an essential part of the act, and, under well-established principles, the entire act would not be declared void on account of its containing one section dealing with a matter purely collateral to its main purpose.

We are unwilling to strike down this act of the Legislature on the meager showing of facts contained in this record, and are also unwilling to reverse and render the judgment of the trial court striking same down without an affirmative showing that under the facts such judgment was incorrect.

Both motions are overruled.